## STATE, APPELLANT, *v.* NORTHRUP, RESPONDENT.

[Argued October 15, 1893. Decided December 23, 1893.]

CRIMINAL LAW—*New trial—Appeal by state.*—An appeal by the state from an order granting the defendant a new trial in a criminal action is not authorized by the third subdivision of section 396 of the Criminal Practice Act, allowing an appeal upon a question of law reserved by the state. (*Territory* v. *Laun,* 8 Mont. 324, reviewed.) HARWOOD, J., dissenting.

CRIMINAL LAW—*Information—Murder.*—While not necessary to the decision of the case at bar the court expressed its view that an information which otherwise properly and fully charged murder in the first degree should not be held bad where the concluding words simply stated that defendant had committed murder, without stating the acts which he did or that he did them of malice aforethought. (*Territory* v. *Young,* 5 Mont. 244, cited.)

*Appeal from Sixth Judicial District, Park County.*

Indictment for murder. Defendant's motion for a new trial was granted by HENRY, J. On motion to dismiss appeal. Granted.

*Campbell & Stark,* for the motion to dismiss.

I. The third subdivision of section 396 of the third division of the Compiled Statutes of Montana, which relates to appeals by the territory in criminal cases upon questions of law reserved by the state, is in contravention of the constitution of the United States and of the state of Montana, which provides that no person shall be twice placed in jeopardy for the same offense. Section 341, which carries into effect the provisions of chapter 15, would place the defendant twice in jeopardy, and is therefore unconstitutional and void, and it must all fall together. (*State* v. *Van Horton,* 26 Iowa, 402; *City of Olathe* v. *Adams,* 15 Kan. 391; *State* v. *Anderson,* 3 Smedes & M. 751; *State* v. *Hand,* 6 Ark. 169; 42 Am. Dec. 689; *State* v. *Burris,* 3 Tex. 118; *People* v. *Webb,* 38 Cal. 467; *People* v. *Swift,* 59 Mich. 529, 541; *State* v. *Crosby,* 17 Kan. 396; 1 Bishop on Criminal Law, § 1026.)

II. There being no appeal allowed by common law, the statutory provisions for appeals in criminal cases by the territory should be strictly construed, and no appeal should be allowed to the state unless the same is expressly allowed by statute. (*United States* v. *Sanges,* 144 U. S. 310.) There can

be no appeal by the territory until there is a judgment. (Criminal Practice Act, § 395.) In the case of *Territory* v. *Laun*, 8 Mont. 322, the learned judge says that no appeal can be had until there is a judgment of acquittal. This may be dictum, but it seems to us it is the only construction which can be placed upon it, as section 395 does not provide for appeals from any thing but judgments, and, no appeal being allowed by common law, no appeal can be had. In New York, under the Laws of 1852, providing that writs of error should be granted to review any judgment rendered in favor of any defendant upon any indictment for any criminal offense, except where such defendant had been acquitted by a jury, it was held that the court of appeals had not the power to review, by writ of error, an order of the supreme court granting the defendant a new trial, before any judgment had been entered. (*People* v. *Nestle*, 19 N. Y. 583.) The supreme court of Indiana have passed upon a section similar to ours, and from which we believe ours to have been taken, holding that there can be no appeal until a final judgment is entered in favor of the defendant. (*State* v. *Hamilton*, 62 Ind. 409; *State* v. *Spencer*, 92 Ind. 115; *Wingo* v. *State*, 99 Ind. 343; *State* v. *Evansville etc. R. R. Co.*, 107 Ind. 581, 583; Elliott's Appellate Procedure, § 272.) The supreme court of this state, in the cases of *United States* v. *Smith*, 2 Mont. 487, and *Territory* v. *Rehberg*, 6 Mont. 467, have decided that the defendant cannot appeal until final judgment has been entered; and the same construction must certainly apply to the state.

III. Conceding, for the purpose of this argument, that an appeal may be taken by the territory before final judgment, it can only be taken upon questions of law reserved by the state, not a matter of discretion. If it is a matter of discretion, no bill of exceptions can be taken under section 340 of the Criminal Practice Act; and, if no exception can be taken, no appeal can be had therefrom. The granting of the new trial by the court was a matter of discretion, and not a matter of law. The only true way to determine whether the ruling of the court is a matter of discretion or a matter of law is to see what objections were made by defendant's bill of exceptions, and, if they raise questions of fact, they then become mixed questions of

law and fact, and not questions of law. In this case nearly the entire thirty-eight specifications of error raise questions of fact, and the thirty-third specification of error, upon which the court granted the motion for new trial, raised a question of fact by alleging that the evidence was insufficient to warrant the giving of the instruction. This is a mixed question of law and fact, to which no exception can be taken. (*Kinna* v. *Horn*, 1 Mont. 597; *Pomeroy's Lessee* v. *Bank*, 1 Wall. 597; *Territory* v. *Laun*, 8 Mont. 324.) A question of fact being raised by the thirty-third specification of error, if the court held that the instruction was improperly given, the reason which he gave for so holding is immaterial, and no part of the decision, and should not be reviewed by this court. (*Commonwealth* v. *Church*, 1 Pa. St. 105; 44 Am. Dec. 112; *McMullen* v. *Armstrong*, 1 Mont. 486.)

IV. Courts frequently sustain the holdings of the lower court, but upon entirely different reasons than those given by the trial court. (*Pennoyer* v. *Neff*, 95 U. S. 719; *Black* v. *Elkhorn Min. Co.*, 3 C. C. A. 312, 52 Fed. Rep. 859.) As we understand the case, should this court conclude that the information is sufficient, and instruction No. 10 not error, it can only order the case remanded, instructing the district court, on the retrial of the case—which has already been granted—to hold the information sufficient, and to give instruction No. 10 upon the retrial, simply for the purpose of determining the law for future guidance. There can be no reversal of the judgment. (*State* v. *Bartlett*, 9 Ind. 569; *State* v. *Kinney*, 44 Iowa, 444; Elliott's Appellate Procedure, § 298; *State* v. *Granville*, 45 Ohio St. 264.) The statute does not confer upon the state a general right to appeal; on the contrary, the right is limited to the classes of cases specified. Hence, it is held that it is only the specific questions properly made and saved that can be considered on appeal. (Elliott's Appellate Procedure, § 278; *State* v. *Lusk*, 68 Ind. 264.)

*John T. Smith*, and *E. C. Day*, also for the motion.

I. The state has no right to an appeal from, or writ of error to review, a decision in favor of the accused, except when clearly and expressly authorized by statute, whether that decision is upon a verdict of acquittal or question of law; and the right

exists only when conferred by statute, "expressed in the most plain and unequivocal terms, such as cannot be turned by construction to any other meaning." (*State* v. *Jones,* 7 Ga. 422; *People* v. *Corning,* 2 N. Y. 9; 49 Am. Dec. 364; *Commonwealth* v. *Cummings,* 3 Cush. 212; 50 Am. Dec. 732; *State* v. *Reynolds,* 4 Hayw. (Tenn.) 110; *Commonwealth* v. *Harrison,* 2 Va. Cas. 202; *State* v. *Kemp,* 17 Wis. 669; *State* v. *Burns,* 18 Fla. 185; *State* v. *Copeland,* 65 Mo. 497; *United States* v. *Sanges,* 144 U. S. 310; *State* v. *Simmons,* 49 Ohio St. 305; *People* v. *Raymond,* 18 Col. 242; *State* v. *Croteau,* 23 Vt. 14; 54 Am. Dec. 90.) The right did not exist at common law, and statutes conferring it must be strictly construed.

II. There can be no appeal by the state or the defendant until final judgment, unless the statute expressly provides for such an appeal. (*People* v. *Bork,* 78 N. Y. 346; *State* v. *Evansville etc. R. R. Co.,* 107 Ind. 581.) The Montana statute contemplates a final judgment, before the appeal is taken, except where the appeal is from the order arresting judgment. Section 395, Criminal Procedure Act, provides that "an appeal from a judgment . . . . may be taken," etc. Section 397: "The appeal must be taken within six months after the judgment is rendered." By section 398, notice must be served upon the clerk of the court "where the judgment was entered, stating that the appellant appeals from the judgment." By section 401, in cases of appeals by the state on reversed questions, the record need contain only "the bill of exceptions and the judgment of acquittal." This question was directly decided in favor of the contention here urged by Mr. Justice Liddell. (*Territory* v. *Laun,* 8 Mont. 322.) In New York, under the Laws of 1852, providing that writs of error should be granted to review any judgment rendered in favor of any defendant upon any indictment for any criminal offense, except where such defendant had been acquitted by a jury, it was held that the court of appeals had not the power to review, by writ of error, an order of the supreme court granting the defendant a new trial, before any judgment had been entered. (*People* v. *Nestle,* 19 N. Y. 583.) The only state in which an appeal lies from an order granting a new trial in criminal cases is California, and there by express statutory provision. (Pen. Code, Cal., §§ 1235, 1238.)

III.   The state can only reserve such questions for appeal as she may except to. (*Territory* v. *Laun*, 8 Mont. 322.)   These are pointed out in section 340 of the Criminal Practice Act.   Under that section, the giving or refusing instructions to the jury can only be excepted to " when the case is finally submitted to them."   The court has not yet refused to give instruction No. 11.   When he does, the state can then except, and reserve its exception.   The exceptions permitted by that section are clearly limited to rulings by the court at the trial, and not to matters occurring after the trial.   The state cannot reserve the court's rulings on the information, for the reason that the court has not yet held it insufficient.   If the judge's opinion is in this court for any purpose, it shows conclusively that the motion for a new trial was not granted for defects in the information. He simply expressed his doubts as to its sufficiency.   The ruling of the court excepted to by the state is the order sustaining the motion for new trial.   The state can have no exception to the opinion of the court. (*State* v. *Bartlett*, 9 Ind. 569.   The court's ruling upon the motion for a new trial is a mixed one of law and fact, and involved matters resting entirely within the discretion of the court.   The granting of a motion for new trial is largely in the discretion of the court, and that discretion will not be controlled by the supreme court except where it has been abused. (*Kinna* v. *Horn*, 1 Mont. 597.)   The only case similar to the one at bar, that our research has been able to disclose, is that of *State* v. *Ensey*, 42 Ind. 480, where the court declined to decide whether an exception to a ruling on motion for new trial is such an exception " as constitutes a reservation of a point of law."   But the reasoning is against the position.   The state has no general right of appeal. Only the specific questions reserved can be considered on the appeal.   Only so much of the case must be brought into the record as will enable the appellate court to understand and decide the particular question reserved. (Elliott's Appellate Procedure, § 278 et seq.; *State* v. *Lusk*, 68 Ind. 264.)   The object of this appeal is to procure a reversal of the order granting a new trial.   The motion for a new trial was based upon numerous specifications, any one of which, so far as this court can now say, might have been sufficient to sustain the ruling.   But, if

this appeal only brings up the reversed questions, this court is not in a position to decide whether the lower court erred or not. It is powerless to render a decision, because it has not the case before it. Surely, it was never contemplated that an appeal could be had in a case where the court could not render a judgment determining the cause.

IV. If chapter fifteen of the Criminal Practice Act be held to give the state the right to appeal in any case, it is unconstitutional, for the reason that the appellate jurisdiction of this court does not extend to criminal cases. The jurisdiction of the supreme court is defined and limited by the constitution, and the legislature can neither diminish nor increase such jurisdiction. (*Ex parte Attorney General,* 1 Cal. 88; *Reilly* v. *Reilly,* 60 Cal. 625; Haynes on New Trial and Appeal, § 170.) " The appellate jurisdiction of the supreme court shall extend to all cases at law and in equity, subject, however, to such limitations and regulations as may be prescribed by law." (Const. Mont., art. viii, § 3.) "Cases at law" do not include criminal cases. (*People* v. *Johnson,* 30 Cal. 99, 105; 3 Am. & Eng. Ency. of Law, 25.) This court, in the case of *Lloyd* v. *Sullivan,* 9 Mont. 577, construed this phrase "cases at law" to include special proceedings, referring to article ,viii, section 11, defining the jurisdiction of district courts, for the constitutional construction of the phrase. That section negatives the idea that " cases at law" include criminal proceedings, for it expressly provides that " the district court shall have original jurisdiction in all cases at law and in equity, . . . . and in all criminal cases amounting to felony." The only authority that this court has to review the orders of the district court in criminal cases is conferred by section 2, article viii, which provides that the supreme court shall have a general supervisory control over all inferior courts. But this "supervisory control " is distinct from its " appellate jurisdiction," and cannot add to or take away from the latter.

*Henri J. Haskell,* attorney general, *H. J. Miller,* and *Allan R. Joy,* for the State, *contra.*

The statute (Criminal Practice Act, section 396) gives the state an appeal from a question of law reserved by the state.

How is this question reserved? Clearly by saving a bill of exceptions. Respondent takes the position that the state has waived its right of appeal because it failed to except (under section 340) during the trial to a decision that was not rendered until some two months afterwards. The statute hardly permits such a construction. This court was created for the purpose of correcting such errors as the one here presented, and is given "general supervisory control over all inferior courts." (Constitution, art. viii, §§ 2, 3.) Respondent pretends that the state's right of appeal should always be denied (however grievous or corrupt may be the rulings of the trial court) until after a verdict of acquittal, when an appeal would be useless except to establish a precedent, which may be likewise disregarded if lower courts have exclusive jurisdiction of a criminal until his acquittal. The court will adopt a construction that will give effect to the law rather than defeat and annul it, and while its duty is to prevent the unjust conviction of any person, it will never encourage crime by erecting new barriers between the convicted criminal and his just punishment. The following cases are cited as conclusive of the state's position. (*State* v. *West*, 45 La. Ann. 000; *People* v. *Hawes*, 98 Cal. 648; *Johnson* v. *State* (Ark., July 1, 1893), 23 S. W. Rep. 7; *Lovett* v. *State*, 30 Fla. 142; *Vaughn* v. *State*, 88 Ga. 731; *Byrd* v. *Commonwealth*, 89 Va. 536; *State* v. *Jackson*, 44 La. Ann. 160; *People* v. *Donguli*, 92 Cal. 607; *Young* v. *State*, 95 Ala. 4; *State* v. *Blunt*, 110 Mo. 322; *Crist* v. *State*, 21 Tex: 361; *Halbert* v. *State*, 3 Tex. App. 660; *Stitt* v. *State*, 91 Ala. 10; 24 Am. St. Rep. 853; *Gibson* v. *State*, 89 Ala. 121; 18 Am. St. Rep. 96; *Brown* v. *State*, 83 Ala. 33; 3 Am. St. Rep. 685; *Territory* v. *McAndrews*, 3 Mont. 166; *Willingham* v. *State* (Tex. Crim. App., June 14, 1893), 22 S. W. Rep. 925; *Wilkins* v. *State* (Ala., June 6, 1893), 13 South. Rep. 312; *State* v. *Thompson*, 45 La. Ann. 000; *Jackson* v. *State*, 88 Ga. 784; *Norris* v. *State* (Tex. Crim. App., May 20, 1893), 22 S. W. Rep. 592; *Lewis* v. *State* (Tex. Crim. App., May 27, 1893), 22 S. W. Rep. 686; *Gibbs* v. *State* (Tex. Crim. App., Dec. 21, 1892), 20 S. W. Rep. 919; *Territory* v. *Johnson*, 9 Mont. 28; *People* v. *Gonzales*, 71 Cal. 569; *Springfield* v. *State* (Ala., June 7, 1892), 11 South. Rep. 250; *Scales* v. *State* (Ala., May 18,

1892), 11 S( uth. Rep. 121; *State* v. *Parker*, 106 Mo. 217; *Pugh* v. *State*, 2 Tex. App. 545; *Polk* v. *State*, 30 Tex. App. 657; *State* v. *Doyle*, 107 Mo. 36; *State* v. *Sullivan*, 51 Iowa, 142; *Dillard* v. *State*, 31 Tex. App. 67; *Davis* v. *State*, 31 Neb. 240; *State* v. *Shreves*, 81 Iowa, 615; *State* v. *O'Brien*, 81 Iowa, 88; *State* v. *Stockwell*, 106 Mo. 36; *State* v. *Morrison*, 104 Mo. 638; *Maurer* v. *State*, 129 Ind. 587; *People* v. *Bruggy*, 93 Cal. 476; *Johnston* v. *State*, 29 Fla. 558; *State* v. *Elliot* (Ohio Com. Pl.) 26 Wkly. Law. Bul. 116).

DE WITT, J.—The defendant was convicted in the district court of murder in the second degree. He moved for a new trial, which motion was by the court granted. From the order granting defendant's motion for a new trial, the state has appealed to this court. The respondent moves to dismiss the appeal on the ground that the law does not permit the state to appeal from that order granting defendant a new trial.

The state took a bill of exceptions to the order of the district court granting the motion for a new trial, and reserved what it contends is a question of law decided (and erroneously decided) by the district court, in granting the motion. Respondent says that the question so decided by the district court was not one purely of law, but one of discretion. (Crim. Prac. Act, § 340.) But this contention of counsel will be passed. In the view that I take of this appeal, I may assume that the question decided by the district court and reserved by the state was one of law purely.

The state bases its claim to the right of appeal upon section 396, Criminal Practice Act, which section is contained in chapter 15 of that act, and which chapter is devoted to the subject of appeals in criminal cases. That section is as follows:

"SEC. 396. Appeal to the supreme court may be taken by the state in the following cases, and no other: 1. Upon a judgment for the defendant in quashing or setting aside an indictment; 2. Upon an order of the court arresting the judgment; 3. Upon a question of law reserved by the state."

The state takes its appeal under what it claims is the authority granted by the third subdivision of the section just quoted.

We may start with the settled proposition of law that the state has no appeal in criminal cases, unless the same is expressly granted by law. This is the law of almost all the courts of this country. (See cases cited by counsel on this argument.)

Mr. Justice Gray, of the United States supreme court, says, after reviewing the English decisions: "But whatever may have been, or may be, the law of England upon that question, it is settled by an overwhelming weight of American authority that the state has no right to sue out a writ of error upon a judgment in favor of the defendant in a criminal case, except under and in accordance with express statutes, whether that judgment was rendered upon a verdict of acquittal or upon the determination by the court of a question of law." (*United States* v. *Sanges,* 144 U. S. 312.) The learned justice then reviews the American authorities upon the subject.

I am satisfied with the reasoning and authority of the eminent tribunal rendering that decision, and of the distinguished courts cited by Mr. Justice Gray. In the same line of thought is the following language of this court in *Territory* v. *Laun,* 8 Mont. 325:

"The right of appeal by the state should be strictly construed and limited to those instances mentioned; and that such was the intention of the legislature is most evident, or it would never have used the emphatic language found in section 396 of the act referred to, where it says, ' appeal to the supreme court may be taken by the state in the following cases and no other ' ":

I will, therefore, direct my inquiry to a determination of whether section 396, subdivision third (in connection with the whole of chapter 15 of our Criminal Practice Act), gives the state the right of appeal from an order of the district court granting defendant's motion for a new trial. That section and subdivision third give an appeal "upon a question of law reserved by the state." That section does not itself provide how the question of law is to be reserved, but I think that this is made clear by sections 401 and 340, Criminal Practice Act. Section 401, found in the chapter 15, above noted, provides as follows:

"SEC. 401. In case of an appeal from a question reserved,

on the part of the state, it is not necessary for the clerk of the court below to certify, in the transcript, any part of the proceeding and records, except the bill of exceptions and the judgment of acquittal.   When the question reserved is defectively stated, the supreme court may direct any other part of the proceedings and record to be certified to them."

This section thus has in view an appeal under the provisions of the third subdivision of section 396, that is to say, upon the question of law reserved; and it provides for bringing the bill of exceptions to the supreme court, and if the bill of exceptions defectively states the question of law reserved, the court may direct other portions of the record to be certified up.   This seems to contemplate the reserving of the question of law by a bill of exceptions.

Turning to section 340, Criminal Practice Act, we find it provides that, " The district attorney, or any counsel for the state, may except to any decision of the court upon a question of law, in admitting or rejecting witnesses, or testimony, or in deciding any question of law, not a matter of discretion, or in giving or refusing any instructions to the jury, when the case is finally submitted to them."

Thus we here find matters to which the state may except. They are defined specifically and are not as extensive as the rights of exception given to a defendant for, "exceptions may be taken by the defendant to any decision of the court upon matters of law affecting his substantial rights."   Among the exceptions given to the state (section 340) is not one given in terms to an order granting a new trial to defendant.   Of course, I understand that the language of section 340, " in deciding any question of law not a matter of discretion," is broad enough to include an exception to an order granting defendant a new trial, if such an order decides a pure question of law, not of discretion.   But I suggest these views of section 340 simply as a tendency of the intent of the Criminal Practice Act (taken in connection with the more pointed expressions of the intent, which I will review below) to exclude the appeal by the state from an order granting a new trial to a defendant.   For it is observed, that section 340 descends into details in some matters; for example, it mentions a decision in admitting or re-

jecting witnesses or testimony, and in giving or refusing instructions. The granting of a new trial is a decision as important and vital as are those specifically mentioned in section 340. Indeed it is a decision of such prominence in the case, that I have found no court ever holding that an appeal could be taken from it, unless specially authorized by statute. California is the only state in which I find that the statute provides for such an appeal, and that state seems to have had such statute since its organization.

Therefore if our legislature had intended that an exception could be taken to such an order, as laying a foundation for appeal on a question of law reserved, it would seem, in view of the history of jurisprudence on this subject, that it would have been natural that such order be mentioned specifically in section 340. As above noted, these considerations do not at all conclude my views as to the appealability of the order. But they do indicate a tendency of expressed intent, not out of line with the direct expressions of the legislature, which I shall examine later in this opinion.

I am of the opinion that if the state wishes to have reviewed a question of law reserved under the provisions of section 396, third, it must be done upon an appeal from the judgment. Such is indicated to have been the opinion of this court in *Territory* v. *Laun*, 8 Mont. 324, in which Mr. Justice Liddell, for the court, says: "This last ground," that is to say, upon a question of law reserved by the state, "is evidently the law under which the present appeal is prosecuted; and in order that the territory can have this appeal considered, it must show by the record that there is a question of law to be decided, not within the discretion of the trial judge, and that the appeal *is prosecuted from a judgment.*"

The view is thus expressed, that a question of law reserved is to be considered by this court only upon an appeal from a judgment. An order granting a new trial is not a judgment. I do not consider that those remarks in *Territory* v. *Laun* were necessary to the decision of that case, and are therefore not now controlling; but, as far as *dictum* may suggest, what may be the opinion of the court, the language in that case shows the tendency of the view of this court at that time (1889).

As noted above, the right of appeal by the state must be strictly construed (*Territory* v. *Laun*, 8 Mont. 324), and must be granted by express statute. (*United States* v. *Sanges*, 144 U. S. 310.) If the right is given at all by statute, it is granted by section 396, third. (*Territory* v. *Laun*, 8 Mont. 324.) That section and subdivision provide that the appeal may be taken by the state "upon a question of law reserved." I think that they refer to the subject matter, to be reviewed on the appeal, to wit, a question of law reserved by a bill of exceptions, and do not purport to describe from what the appeal is to be taken, whether from an order or the judgment. The appeal is upon a bill of exceptions carrying up the question of law. The bill of exceptions is a vehicle by which the alleged error is conveyed to the appellate court for consideration. I am therefore of opinion that the section and subdivision describe the subject to be reviewed, and the method of preserving it for review, and do not provide whether the subject so preserved for review shall be considered by the appellate court by an appeal from the order of the district court which erroneously decided the question of law, or whether by an appeal from the judgment in the case.

But examining the whole of chapter 15, in which is found section 396, we find much light as to the practice laid down for bringing up for review the question of law reserved. This chapter 15 is upon the subject of appeals in criminal cases generally, and is composed of section 394 to section 409, Criminal Practice Act. Every thing that is said in the chapter is as to appeals from a judgment. There is nothing as to an appeal from an order granting a new trial.

Section 395 is, in orderly consideration, the introductory section of the chapter, although it appears as the second section. It reads as follows:

"SEC. 395. An appeal from a judgment in a criminal action may be taken in the manner and in the cases prescribed in this chapter."

Here we find an appeal from the judgment is provided for, and it is "in a criminal action," including, apparently, appeals by both the state and defendant.

Next in proper order should be read section 394, as to appeals by defendant. That is as follows:

"Sec. 394. An appeal to the supreme court may be taken by the defendant, as a matter of right, from any judgment against him, and upon appeal any decision of the court or intermediate order made in the progress of the case may be reviewed."

So it appears that the defendant must appeal from the judgment, and thereupon intermediate orders may be reviewed.

Then comes section 396, which is cited above in full as to appeals by the state. Then we may consider section 397:

"Sec. 397. The appeal must be taken within six months after the judgment is rendered, and the transcript must be filed within thirty days after the appeal is taken."

Here the time within which the appeal may be taken is fixed. It is within six months after the judgment. If an appeal may be taken from an order granting a new trial, when is it to be taken? The statute is silent; and it is silent, in my opinion, because it did not contemplate such an appeal.

"Appeals are matters of statutory regulation. There must be a substantial compliance with the statute in order to confer jurisdiction upon the appellate court. The appellant is charged with the duty of perfecting his appeal in the manner provided by law, and error in this regard affects the jurisdiction of the appellate court. (*Courtright* v. *Berkins*, 2 Mont. 404.)" (*Territory* v. *Hanna*, 5 Mont. 247, cited in *State* v. *Gibbs*, 10 Mont. 210.)

But we find no statutory regulation for taking an appeal from an order granting a new trial in a criminal case. If chapter 15 had intended to allow an appeal from such an order, it seems that it would not have been wholly silent as to the time in which it might be taken. What practice is the state to follow? When shall it take its appeal? How is this court to determine whether it is taken in time? The legislature surely did not intend to leave all these questions open. I do not think of any other instance where the statute has given an appeal and omitted to provide a time in which it is to be taken.

We also next observe that there is no method laid down for taking such an appeal. Section 398 provides as follows:

" Sec. 398. An appeal is taken by the service of a notice

upon the clerk of the court where the judgment was entered, stating that the appellant appeals from the judgment. If taken by the defendant, a similar notice must be served upon the attorney prosecuting. If taken by the state, a similar notice must be served upon the defendant, if he can be found in the country; if not found, by posting up a notice three weeks in the clerk's office."

Thus it appears that the notice of appeal is to state that the appellant appeals from the judgment. There is no provision for a notice of appeal from an order granting a new trial. The remarks above made as to section 397, are also in point as to section 398.

Section 399 is as follows:

"SEC. 399. An appeal taken by the state in no case stays or affects the operation of the judgment in favor of the defendant until the judgment is reversed."

Here, again, the judgment seems to be in contemplation, and not an order granting a new trial.

Section 401, which I have quoted above, regulates the preparation of the record on appeal. There should be certified up a bill of exceptions, and the judgment of acquittal. Here again we find the judgment only in contemplation.

Section 404 provides: "The appellate court may reverse, affirm, or modify the judgment appealed from." Here, again, the indication is that the judgment alone is appealed from.

So, throughout the whole of this chapter 15, every expression indicates that the legislature intended that the appeal should be from the judgment. The whole chapter is *in pari materia,* and is to be construed with section 396, third, which is a part thereof. To hold that the state may appeal from an order granting a new trial, I think, would not be in accord with the expressed general intent of chapter 15, in view of all of its provisions and the history of judicial decisions upon this subject. The question is not without difficulty. I have approached its consideration with preconceptions opposed to the view which I now feel compelled to entertain and express. It is true that this view debars this court from reviewing an order of the district court granting a defendant's motion for a new trial. I believe it would be well if such review could be

had upon questions purely of law, but that is for the legislature, and to their wisdom I commend the consideration of the subject. In this particular case at bar, a review of the order of the court below would be an advantage, for I doubt that this court would be able to agree to the correctness of the ruling of the district court as to instruction No. 10, in connection with other instructions given.

I do not think that the district court, even in effect, quashed or set aside the information or arrested the judgment. The motion of the defendant was for a new trial. In granting the motion the judge expressed doubts as to the sufficiency of the information, but the order of the court did not expressly set aside the information; nor was the effect of the order to set it aside or to arrest the judgment. (Crim. Prac. Act, § 357.) The order granted a new trial, and the effect of this order is to place " the parties in the same position as if no trial had been had." (Crim. Prac. Act., § 353; *State* v. *Thompson*, 10 Mont. 562.) Therefore, in the case at bar the order granting the new trial left the case standing for trial upon the information as filed. The granting of a new trial materially differs, in effect and results, from arresting the judgment. The granting a new trial goes back to the information, and wipes out the proceedings subsequent to the information. It lifts up the case and sets it back to the information for a new start at that point. On the other hand, an arrest of judgment cuts deeper. It attacks the foundation. It destroys the information (Criminal Practice Act, section 359) on the ground: 1. That the offense is not within the jurisdiction of the court; or, 2. That the facts stated do not constitute an offense. (Crim. Prac. Act, § 357.) The order arresting judgment is more of the nature of a final judgment; in fact, quite of that nature. It leaves the defendant with no charge standing against him. (Crim. Prac. Act, § 359.) To be sure he may be held to answer a new information (Criminal Practice Act, section 360), if there is reasonable ground to believe that he can be convicted of any offense. But this simply puts him about where he would be if committed by a magistrate on preliminary examination, if there was probable cause to believe that he was guilty of any criminal offense. (Crim. Prac. Act, § 96.) I add these

remarks in view of a possible application of the decision in this case to a construction of subdivision 2, section 396, Criminal Practice Act, which provides for an appeal by the state "upon an order of the court arresting the judgment." Regarding the substance of things, such an order is, in its nature and results, a judgment for defendant. It is a denying a judgment to the state, and a discharge and acquittal of defendant from any possible consequences that threatened to flow from the information. I am therefore of opinion that nothing said in this opinion looks to a denial of the right of the state to appeal under the provisions of subdivision 2, section 396, Criminal Practice Act.

In this connection, and in consideration of the matter to which I shall now call attention, I think that it is proper that we express our view as to the sufficiency of the information. The ruling of the court in granting the new trial was made in such a peculiar manner that the state's attorneys have construed it to be an attack upon the information, and there is reason to believe from the record that the district court would hold the information to be bad if that matter were regularly before it for a decision. The sufficiency of the information is not a matter to raise upon a motion for a new trial (Criminal Practice Act, section 354), but it may be raised on a motion in arrest of judgment if the defects exist which are set forth in section 357, Criminal Practice Act. Insufficiency of the information was not specified by defendant as one of the grounds of the motion for a new trial, nor was that matter before the court by virtue of that motion. (Crim. Prac. Act, § 354.) But no motion of any kind is necessary that the court may arrest the judgment. The court may do this without motion. (Crim. Prac. Act, § 358.)

Now, on the motion for a new trial of this case, we find the court going outside of that motion and entering the domain of the motion in arrest of the judgment, which domain it may enter without being moved to do so by either party. (Crim. Prac. Act, § 358.) Having entered this field, we find, by the record, that the judge strikes nearly a direct blow at the information. It is fairly to be gathered from his ruling that he considers the information insufficient to sustain a judg-

ment on the verdict. It is true that he makes this a ground for granting a new trial, as he ought not, and he does not make it a ground for an arrest of judgment, as he should have done if he held that the information was objectionable under section 357. The ruling was not one that was attentive to the practice, and it did not distinguish the nature of the matter which the court undertook to handle. It threw the case into some confusion, and has left the counsel for the state in uncertainty as to how they will stand as to their information. For the state's attorneys come into this court in the belief that the information was attacked, and they devote most of their argument to its defense. This case is now to go back for trial. It will stand upon an information which has been impugned in the opinion of the district court. The state's attorneys may, therefore, naturally be shaken in their confidence in the sufficiency of their pleading. Therefore, although, in fact and effect, the district court did not arrest the judgment, and therefore did not destroy the information, and hence the information is not before us for review, yet as all subsequent proceedings must rest upon this information, which, in the opinion of the court which is to try the case, is, if not decided to be bad, at least much discredited, we deem it proper and fair to both court and counsel to express our views as to the sufficiency of this pleading.

The counsel for the respondent does not show in his brief wherein the information was ever claimed to be insufficient, nor does the ruling of the court enlighten us upon that point. The judge says, simply, that he believes the information is insufficient to sustain a judgment of murder in the second degree. But, upon the argument of the case, we were told that the information was faulty in its conclusion. If we examine the information without regard to the concluding sentence, there is no contention but it charges murder in the first degree. It describes the acts done and the killing, and alleges that those acts were done feloniously, unlawfully, premeditatedly, and with malice aforethought. An information charging murder in the first degree is a good information to sustain a judgment on a verdict of murder in the second degree. (*Territory* v. *Stears,* 2 Mont. 324.) Therefore the information is sufficient to sus-

tain a judgment for murder in the second degree, unless the objection which counsel urged to the conclusion is good.   That conclusion, which is in a sentence by itself at the end of the indictment, is as follows:

. "And so the county attorney aforesaid, upon his oath aforesaid, does give the court to understand and be informed that the said Charles Northrup at the time and place aforesaid, and in the manner aforesaid, did commit the crime of deliberate, premeditated murder, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Montana.   Allan R. Joy, county attorney of Park county, state of Montana."

The argument upon this matter was very brief, and about all that was claimed was that the language of this conclusion stated simply that the defendant had committed murder, and did not state the acts which he did, or that he did them of malice aforethought.   But the acts constituting the offense and the manner of performing them, and all the allegations of premeditation and malice aforethought, had been fully and unobjectionably set forth in the preceding portion of the information, and the portion of this information which is now criticised is a mere conclusion resulting from the previous allegations.   The conclusion states that "at the time and place *aforesaid* and in the manner *aforesaid.*"   This point was directly decided in the case of *Territory* v. *Young,* 5 Mont. 244, in which Chief Justice Wade says:

"These words are the mere conclusion drawn from the preceding averments.   If the averments are bad, the conclusion will not aid them; if they are good, and sufficiently describe the crime as the law requires, by proper averments, the formal concluding words are immaterial.   At common law the concluding words, formally charging the defendant with murder, were necessary in order to distinguish an indictment for murder from an indictment for manslaughter.   If the term 'murder' were omitted from the conclusion of the indictment the defendant could only be convicted of manslaughter.   (3 Chitty's Criminal Law, 737; *Fouts* v. *State,* 8 Ohio St. 119, 120.)

"The reasons for the technical conclusion of indictments for murder at common law all disappear under statutes defining

the degrees of the crime, and providing that the jury shall designate the degree in their verdict. And so we are compelled to say that this indictment is clearly within the Stears and McAndrews decisions, and those decisions we cannot disturb. This conclusion seems irresistible when we remember our statute, which provides that no indictment shall be quashed or set aside for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged, or for any defect or imperfection which does not tend to prejudice the substantial rights of the defendant on the merits."

The statutes to which the above opinion refers are now section 171, subdivisions fourth, sixth, and seventh, Criminal Practice Act. The information in the case at bar clearly contains sufficient matter to indicate the crime and the person charged, and the objection which is now raised to it is not as to matter which tended to the prejudice of substantial rights of the defendant upon the merits. We are therefore of the opinion that the objection to the sufficiency of the information is not well founded.

The contention at the bar has been very earnest and vigorous on both sides. I have not, in this opinion, quoted or analyzed all the authorities which the zeal and learning of counsel have collected in their briefs. I have cited the general principles of the cases, and have then thought that the determination of this case depends upon an interpretation of our chapter 15, Criminal Practice, in the light of the legal principles established by the decisions. (See cases cited in the briefs of counsel.)

It is ordered that the appeal be dismissed.

PEMBERTON, C. J., concurs.

HARWOOD, J. (*dissenting*).—In so far as the majority of this court have entertained this appeal to review the ruling of the trial court in holding the information insufficient, I am in accord with them. But how far that has been done, and why it was done, I apprehend will be a perplexing problem for reporter, annotator, practitioner, and judge, in view of the incongruity manifest in reviewing the information and condemn-

ing the ruling of the trial court thereon as erroneous, and yet prefacing such review with the observation that "although in fact and effect the district court did not arrest the judgment, and therefore did not destroy the information, and hence the information is not before us for review." It seems to me bad enough for an appellate court to review and announce opinions upon matters *not before us*, but here must be something worse, if the court's views are tenable, for it is not only affirmed that the matter reviewed is not before this court, but that the ruling reviewed never was made at all. Yet proceeding, the court enters upon a discussion of the virtue of the information, and appears to condemn as erroneous the ruling of the district court that the information was insufficient. But in closing, the appeal is dismissed, thereby again affirming in effect that this court has no jurisdiction thereof.

I cannot concur in such a treatment. The appeal presents two questions of law, on consideration of which the trial court vacated the verdict of the jury finding defendant guilty of murder in the second degree, both of which questions of law, in my opinion, are, by virtue of the provisions of the statute, brought within the jurisdiction of this court for review and determination by this appeal. The first question of law for review is the ruling of the trial court to the effect that the information is insufficient to support the verdict; and as to that ruling, it appears to me there can be no well-founded doubt that it is fully within the jurisdiction of this court to review, and ought to be authoritatively passed upon and a determination announced. Such review and determination on that point I have urged in the councils of this court as proper, and that such determination could be made in a homogeneous treatment of the case, along with the holding of the majority, that the other question of law which pertains strictly to the motion for new trial is not subject to review on this appeal.

Let us set clearly in view the conditions which gave rise to this appeal and the questions of law which appellant seeks to have reviewed and determined thereby.

Defendant was by information charged with the commission of the crime of murder in Park county; has been twice tried thereon, and upon the second trial was by the jury's verdict

found guilty of murder in the second degree. Thereupon motion for a new trial was made on behalf of defendant and granted by a court order as follows:

"In this case, although many errors are assigned, there are but two which I consider of sufficient importance to notice in passing upon what I consider the merits of the motion for new trial. I am satisfied that the case was fairly presented to the jury, that the evidence was sufficient to sustain the verdict, and that there was no error in the instruction of the evidence of the argument of counsel. The two objections which I have referred to as being worthy of notice are: 1. The objection to the sufficiency of the information; and, 2. The objection raised to the instruction given by the court, number ten (10). There are grave doubts in my mind as to the sufficiency of the information to support a verdict of murder in the second degree, and although I would not feel like granting a new trial upon this objection standing alone; still, when taken in connection with the instruction given by the court, number ten (10), already referred to, I am disposed to grant a new trial. Instruction number ten (10) takes away from the jury the consideration of whether or not the defendant acted upon what he believed to be actual danger at the time, and estops the jury from considering the question as to whether the defendant really believed himself to be in danger, although he might afterwards turn out to be mistaken in such belief, and although the court gave a further instruction, number twenty-one (21), explaining that the danger need not be real, but only apparent, still the court is unable to say that the jury might not have been misled as to this instruction. Therefore, for these two reasons, the motion for a new trial in this case is sustained."

Exceptions to this ruling of the court, both as to holding the information insufficient and in holding instruction No. 10 erroneous, was reserved by the state. The instruction in question reads as follows:

10. "Before a person is justified in taking the life of his assailant the slayer must not only exhaust all other reasonable means within his power consistent with his own safety to prevent the homicide, but it must clearly appear that the party

slain not only had at the time the present ability as well as the intention to kill or seriously injure the slayer at the time, and that deceased was then and there in the act of carrying out this purpose, to wit: the intention to destroy the slayer or of inflicting upon him serious bodily injury, and even then it will not justify the slayer in the use of any more force than is actually necessary at the time to prevent the deceased from immediately carrying into effect such unlawful purpose. By this instruction the jury will understand that the right to take life is limited to the actual and present necessities then suddenly precipitated by the assailant under such circumstances as to place the life and person of the slayer in such peril as admit of no other reasonable alternative than the killing of the assailant, and even then the slayer's right to employ force against the assailant is limited to the force necessary to repel the violence then being offered, and to place himself beyond the reach of immediate danger. The law of self-defense will not allow the slayer to go beyond this limit, and although the attack may be violent, unwarranted, and felonious, and made with the apparent intent to kill, yet, whenever this danger is removed as by disarming the assailant or by overpowering him by the interference of others, then the right of the person assailed to use force ceases, and for the same good reason where the assailant retires from the conflict, or pauses in his advance or turns away before committing any violence, a person though violently attacked would not be justified in killing while his assailant was hesitating or pausing in his attack, or was retreating or plainly evincing a desire on his part to discontinue all further violence, and in this case, even though you may believe from the evidence beyond a reasonable doubt that the deceased was advancing to attack defendant just prior to the shooting; still, if you are further satisfied from the evidence beyond a reasonable doubt that before the fatal shot was fired deceased ceased the attack, or turned away, or in any manner plainly manifested his desire to avoid any further violence, or was attempting to escape from the defendant at the time the fatal shot was fired, then defendant had no occasion to take the life of deceased, and you will bring in your verdict of guilty "

Instruction No. 23, given along with No. 10, and referred to in the order of the court, is as follows:

23. "You are further instructed, as a matter of law, that, if a person believes, and has reasonable cause to believe, that another has sought him out for the purpose of killing him, or doing him great bodily harm, and makes demonstrations manifesting an intention to commence such attack, then the person so threatened is not required to retreat, but he has a right to stand and defend himself, and pursue his adversary until he has secured himself from danger, and if in so doing it is necessary to kill his antagonist, the killing is excusable, on the grounds of self-defense."

The ruling of the court touches two questions: the sufficiency of the information, and the sufficiency or correctness of said instruction. These are both purely questions of law. Whether the information is sufficient in law to charge defendant with the commission of said crime, is a question of law. And likewise an instruction stating the circumstances or conditions under which the law will justify homicide is purely a matter of law. Indeed, the statute defines those circumstances, or conditions, under the pressure of which the law will justify homicide. The fact as to whether such conditions existed or not, in a particular case under inquiry, is, of course, a question of fact for the jury to find. Therefore, it is seen that the two points upon which the court made its ruling, overturning the results of the trial, and, as the prosecuting officer construed it, also overturning the information, were purely questions of law. The state having reserved an exception to this ruling, appealed to this court, asking a review and determination of those important questions of law.

Respondent interposed a motion to dismiss this appeal on the ground that there is no law authorizing an appeal on the part of the state until after final judgment of acquittal is entered in the trial court, and this motion to dismiss the appeal is the subject of the present consideration; although the whole case was argued and submitted along with the motion to dismiss.

The consideration of this question may be premised with the observation, that according to a preponderance of American

authority an appeal cannot be taken on the part of the state
in a criminal case without statutory provision therefor.   Mr.
Bishop summarizes his investigation of this question of crimi-
nal procedure in the following remarks:

"Rights of state to have proceedings reversed.   In England
writs of error, the practical object of which is generally to
bring whatever appears of record under the review of a higher
tribunal, seem to be allowable to the crown in criminal causes;
but the courts of most of our states refuse them, and refuse the
right of appeal to the state  or  commonwealth, except where
expressly authorized by statute, as in some states they are.   In
Maryland the state may have a writ of error at common law
to reverse a judgment given on demurrer in favor of a defend-
ant.   And in some other states questions of law may, without
specific statutory direction, be reviewed by this proceeding, or
by appeal, on prayer of the state.   The question is not free
from difficulty; but probably some judges have refused the
writ to the state, from not distinguishing sufficiently between
cases in which the rehearing would violate the constitution
and cases in which the prosecuting power has the same inher-
ent right to a rehearing as a plaintiff has in a civil suit."
(1 Bishop's Criminal Law, § 1024.)

We therefore go directly to the statute with the question to
find whether provision has been made for such an appeal, and
there find it provided, that: "Appeals to the supreme court
may be taken by the state in the following cases, and no other:

"1.  Upon a judgment for the defendant in quashing or set-
ting aside an indictment.

"2.  Upon an order of the court arresting the judgment.

"3.  Upon a question of law reserved by the state."   (Crim.
Prac. Act, § 396.)

It is seen that the statute expressly provides for an appeal
by the state from the action of the trial court in quashing or
setting aside an indictment.   Under the present law and prac-
tice in criminal cases, as re-formed by the constitution and stat-
ute, the information is equivalent to an indictment, and said
provisions of statute apply thereto.   The state's attorney con-
strued said order of the court as quashing or setting aside the
information as insufficient to "support a verdict of murder in

the second degree" of which defendant had been convicted; and points to the express provision of the statute providing for an appeal from such determination of the court. The only attempt to avoid the direct force of that statute is by mere argument, that the question of insufficiency of the information was not before the trial court on the motion for a new trial. It is true that question is not strictly germane to the motion for new trial. (Crim. Prac. Act, § 354.) And for that reason alone this court appears to hold that what was actually done was not done, simply because "the ruling was not one that was attentive to the practice, and it did not distinguish the nature of the matter which the court undertook to handle." And so this court holds, against all authority and reason too, as it seems to me, that when the trial court does indirectly something which would be reviewable on appeal, if done directly, the appeal and jurisdiction to review is cut off. The logical result of this is, that, as often as a trial occurs, the court may annul the result by holding the indictment or information insufficient, and if this is done on motion for new trial such ruling is not reviewable, and the appeal will be dismissed. But if the court should hold the indictment had on some motion which gave nice attention to the rules of practice this court then admits that in such case the statutory provision making such ruling reviewable on appeal would have its effect. That statute could, however, be set aside at any time by indirection or by creating a little confusion on the subject of practice. But is the learned trial court subject to the strictures thrown upon its rulings when viewed in the light of the statute? It is clear that the trial court followed the plain path of the law. When the motion for new trial was committed to the consideration of the trial court there was also raised the question of the sufficiency of the information to sustain the conviction. This was a question which can be raised at any time before judgment, and not only raised by motion, but the court, on its own motion, may consider that question. (Crim. Prac. Act, § 358.) But according to the language of the order of court above set forth, "objection" was raised "to the sufficiency of the information." The court says, "the two objections which I have referred to as being worthy of notice are: 1. The ob-

jection to the sufficiency of the information" etc.   The tendency of this language seems to me to indicate that "objection to the sufficiency of the information" was made.   Nevertheless whether it was raised by counsel or considered by the court, on its own motion, there is the authority of statute for the practice.

Therefore, while that objection was not germane to the motion for new trial, it was before the court at the same time, and was ruled upon.   The court expressed "grave doubts as to the sufficiency of the information to support a verdict of murder in the second degree," and on that ground, coupled with the criticism of an instruction, vacated the verdict, and granted a new trial.   If the court groups together these matters directly placed within the province of its consideration at the time, and bases his action in vacating the verdict on the insufficiency of the information," shall it be said that the court did not do what it plainly has done, simply because all the grounds of the order were not especially pertaining to the motion for new trial?   And that no appeal lies to review the ruling which the statute plainly makes reviewable on appeal, because that ruling was made in connection with other considerations?   The situation is, therefore, peculiar, considering that this court holds that no appeal lies, and declines to authoritatively determine whether the information is good or whether the criticisms of the court below respecting the same are well founded.   Suppose that upon another trial the state should again convict defendant and motion be made to vacate the verdict and grant a new trial, and the court should grant the same, observing that he had once held the information insufficient and that ruling had not been reversed.   Consistency alone might dictate such a ruling on the part of the trial court.  Nor could any blame for this extraordinary result rest upon the prosecuting attorney, because he appealed and sought review of the order which determined the information insufficient. In refusing to entertain this appeal and review the ruling of the trial court, in so far as that ruling impugns the sufficiency of the information, it seems to me this court disregards the substance and effect of things, and proceeds upon mere verbal distinctions without substantial ground.   And I am unable to find,

either in the argument of counsel in support of the motion to dismiss, or in the opinion of the majority of this court, any ground for refusing such review.

As to a review of the question of law involved in the ruling of the trial court, that instruction No. 10 delivered to the jury was erroneous, there is also provision of statute for appeal therefrom found in the third subdivision of section 396, that the state may appeal " upon questions of law reserved by the state." This is the direct provision, and if given force would make such appeals available to review questions of law analogous to the method of bringing up questions of law by writ of error. But this court holds that an appeal cannot be taken to review such questions of law reserved by the state as provided in subdivision third of section 396 until there has been a judgment of acquittal; and, of course, the mischief of the "error of law" is irremediable. So that if on an error of law alone an order for new trial, or any other order, however vital to the proceeding, is granted over and over again, there can be no review until it has resulted in a judgment of acquittal. But that holding on this branch of the case has an implication of statute to support it, and the majority of this court, as it appears to me, have given this implication the effect of annulling the express provision allowing appeals "upon questions of law reserved by the state" in many cases of criminal prosecution; and the effect, in all cases, of adding to that provision the words, "after judgment of acquittal." Both of these effects of the ruling of this court stand directly in contradiction of the rules of construction of statutes. For instead of making the express provision of the statute yield to the mere implication, or " sacrificing the spirit to the letter," the contrary is the rule of construction; and likewise the rules of construction forbid an interpretation which in effect adds or inserts into the statute any words or provisions. (Code Civ. Proc., sec. 630.)

Such construction of the statute is not only forbidden by sound rules of interpretation, but, it seems to me, a moment's reflection and consideration of those provisions of the statute standing in pari materia would lead to a different view.

The holding of the majority is, that no appeal lies on the part of the state until there is a judgment of acquittal; and

hence there is no appeal as provided by statute "upon questions of law reserved by the state," if that error was given effect in an intermediate order overturning a conviction until the result is an absolute acquittal. Such is the effect of the observations in *Territory* v. *Laun,* quoted in the majority opinion, but acknowledged to be *obiter dictum;* and on that *dictum,* and the implication of the provisions of the statute following section 396, the holding of this court is based.

Now, with all due respect to the *obiter dictum* referred to, and also being mindful of the implication found in certain sections of the statute providing the manner of taking appeals, we cannot escape the fact, that the statute directly and expressly contradicts that *dictum* by providing for an appeal from an intermediate *order* where there is not, and, in the very nature of the case, cannot be, a judgment of acquittal. The statute provides for an appeal by the state "upon an *order* of the court arresting the judgment." (2 subd., § 396.) This is an intermediate order before there is any judgment, much less a judgment of acquittal. How then can this court quote and follow the *dictum* of *Territory* v. *Laun,* 8 Mont. 324, "that in order that the territory can have this appeal considered, it must show that the appeal is *prosecuted from a judgment?"* Or how can this court hold, on the mere implication of the subsequent sections of the statute, that the appeal must always be accompanied by a judgment? Does not that holding contradict the plain intent, and not only so, the positive and express provision of the statute so plainly declared, that there is no room for interpretation? The legislature has said, by direct provision, there shall be an appeal by the state from an *order* refusing to enter judgment, but this court says that the appeal must be prosecuted from a judgment in all cases. And a logical following of that construction will deny an appeal from "an order arresting the judgment." For if an appeal is entertained from an order arresting a judgment, such appeal will not be "from the judgment"; nor by service of notice of appeal upon the clerk of the court "where the judgment is entered"; nor will it affect or stay the "operation of the judgment," because when an appeal is taken from an order arresting judgment, no judgment will have been entered in contem-

plation of law. And so all the implications and *dicta* which the majority opinion has drawn together to support this dismissal will apply just as forcibly to dismiss an appeal from an order in arrest of judgment; and thus annul also the express provision of subdivision two of section 396, that the state may appeal from an *order* of the court arresting the judgment.

I do not find any support for the ruling of this court in denying a review of the order of the court below, in so far as it impugns the sufficiency of the information. Nor do I find sufficient strength in the *dicta* and *implications* pointed out to overthrow the direct, positive provisions of the statute authorizing an appeal "upon questions of law reserved by the state."

The framers of the statute undoubtedly intended that questions of law reserved by exception should be reviewed on appeal as upon writ of error, which was a well-known practice for review of errors of law. And that practice was undoubtedly in the mind of the framers of the provision that the state may appeal "upon errors of law reserved by the state," found in the third subdivision of section 396, and viewed in the light of such analogy, it is without difficulty. The intention of the legislature in that provision is demonstrated by the history of the rulings of courts upon this point of criminal procedure. That ruling has been quite uniform in American jurisprudence that no exception, or appeal, or review by writ of error, was allowable on behalf of the state without express provision of statute therefor. Hence, the legislature provided in the criminal practice act for review of "a judgment quashing or setting aside an indictment"; "an order of court arresting the judgment," and of "questions of law reserved by the state." This statute is refused effect, because the legislature did not provide an appeal from an order granting a new trial. It seems to me the observation that "if our legislature had intended that an exception could be taken to such an order (an order for new trial) such order would have been made appealable," manifests an entire misapprehension of the meaning and intent of the legislative provision. I think there is no doubt that if the framers of that statute had intended to provide for an appeal from an order granting a new trial provision would have been made to that effect. But it is manifest that the legislature did

not so intend. New trials are frequently granted on discretionary considerations, and it is clear, from section 340 of the Criminal Practice Act, that it was not the policy of the legislature, in its wisdom, to make matters of discretion resolved in favor of the prisoner by the trial court reviewable on appeal by the state. Hence the legislature did not provide that an order granting a new trial to the prisoner should be appealable, because such provision would put upon review all the grounds of the order. Of course under the usual rules of appellate review, discretionary rulings are allowed to stand unless abuse is plainly shown. The legislature, however, left that responsibility entirely with the trial court. But to the end that the *law* might be administered, and administered uniformly throughout the state, the legislature provided for review of questions of law ruled upon by the trial court against the prosecution. And these ought to be reviewed and determined even if another trial was granted on discretionary grounds, so that errors of law might not intrude their influence into the case until possible miscarriage of justice is wrought thereby. In my humble opinion the manifest wisdom and intention of the legislature is set aside in the holding of the majority, in refusing to review and determine the questions of law brought here for review by this appeal.