## STATE v. WALTER CURLEY.

No. A-2190.   Opinion Filed December 27, 1916.

(161 Pac. 831.)

1. **FORGERY—Information—Sufficiency—Variance.** Where an information charged that the defendant uttered, and passed a forged check, but did not plead the names of the indorsers on the back of the check, **held,** that it was error for the trial court to hold that the information was defective because it did not plead the names indorsed on the back of the check. This was error, for the reason that these names did not constitute any essential of the crime charged. Also held that, when this check was introduced in evidence, it was error for the court to hold that, because the names indorsed on the back of it were not pleaded in the information, there was a fatal variance between the proof and the allegations of the information. This was error because the crime charged was that the forged check had been uttered and passed, and the only function that the names of the indorsers on the back of the check performed was to furnish evidence as to the identity of the parties who uttered and passed the check.

2. **APPEAL AND ERROR—Decisions Reviewable—Grant of New Trial.** The state is not allowed to appeal from an order of the trial court granting the defendant in a criminal action a new trial. The granting of a new trial in such cases is largely a matter of sound judicial discretion, and usually involves questions of both law and fact; and when such discretion has been exercised in favor of the defendant it is very much like the verdict of a jury in his favor, and the state should have no right to appeal from it, unless such right is unquestionably given by the statute.

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Jr., Judge.*

Walter Curley was convicted of forgery, and from an order granting a new trial, the State appeals.   Remanded for new trial.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

BRETT, J.   In this case Walter Curley, the defendant in error, who was also defendant below, was tried in the

district court of Pottawatomie county and convicted of the crime of uttering and passing a forged check. A motion for a new trial was filed by the defendant, Curley, and sustained by the court, as stated in the judgment and order setting aside the verdict and granting a new trial:

"Because there was a variance between the proof and the pleadings, in this: the information purported to and did set out a true and correct copy of the purported check which was alleged to have been uttered and passed, but did not allege and set up the indorsements on the back of said check or the two names which appeared on the back thereof, to wit, 'Walter Curley,' 'John Bertrand,' and a photograph of the purported check was admitted in evidence, both of the face and the back of the check, which showed the two names above mentioned in the order in which they appear above, to be and appear on the back of said check. For which reason the court holds that the check offered and admitted in evidence was not the check which was described in the information. For which said above reasons the verdict of the jury heretofore rendered in this case is set aside, and the defendant granted a new trial."

To this ruling and order of the court the state excepted, and appeals to this court.

One question involved in this ruling and order goes to the sufficiency of the information, and this may, upon appeal by the state, be reviewed. Section 5990, Rev. Laws 1910.

The face of the check charged to have been uttered and passed is the following:

"TECUMSEH, OKLA., 2-22, 1913.     No. 33.
"Farmers' National Bank:
"Pay to the order of Walter Curley $65.60, sixty-five dollars & sixty cents dollars.
                         "T. G. CUTLIP."

On the back of the check two names were indorsed, that of the defendant Walter Curley, and one John Bertrand.

The evidence shows that Walter Curley and John Bertrand came together to the State National Bank Building in Shawnee, but on reaching the building Walter Curley remained on the outside and John Bertrand entered the building, cashed the check, returned to where Curley was waiting, and handed him a portion of the money he had received. There was no evidence or allegation that either the name of Walter Curley or John Bertrand, which appeared on the back of the check as indorsers, were forged. But the allegation was that the name of T. G. Cutlip, who appeared as the drawer of the check, was forged, and evidence was introduced to sustain this allegation.

If the payee in this check had been John Smith or some other person than Walter Curley, the defendant, and the defendant had forged the name of John Smith, or the payee, on the back of the check as indorser, that would have presented a different situation; for in that event the defendant, as held in *Wells v. Territory*, 1 Okla. Cr. 469, 98 Pac. 482, would then have been guilty of two separate and distinct offenses, that of knowingly uttering the check to which the name of T. G. Cutlip as drawer had been forged, and of also forging the name of John Smith, the payee, as indorser, and then uttering the same. But there was only one offense charged in the information, and only one attempted to be proved, and that was the crime of knowingly uttering and passing a check to which the name of T. G. Cutlip as drawer had been forged. And there could be no reason, we think, for requiring the pleader to set out and plead in the informa-

tion that the check was endorsed by Walter Curley and John Bertrand, since their names as indorsers were not forgeries, and constituted no essential of the crime charged. We can see no more reason, under the facts in this case, for requiring their indorsement of this check to be pleaded than there would be for requiring the name of the person to whom a stolen horse had been sold to be pleaded in an indictment for the larceny of a domestic animal. The fact that the horse was sold would be conclusive evidence that the accused intended to deprive the owner of the horse. But the sale, the conditions and circumstances of the sale, the consideration, and to whom it was sold would be matters of evidence, and not of pleading. And the fact that the defendant, Walter Curley, and John Bertrand indorsed this forged check, came together to cash it, and divided the proceeds after it was cashed, are all only evidential facts tending to establish the one crime charged, which was that of knowingly uttering and passing a forged check. And the fact that the back of the forged check pleaded furnished one item of this evidence did not constitute "a variance between the proof and the pleadings"; for the allegation was that the forged check had been uttered and passed; and the only function that the names on the back of this check performed, since they were not forged, but genuine, was to furnish evidence as to the identity of the parties who uttered and passed the check.

2. But the state insists that this court should reverse the order granting a new trial, and remand the case, with directions to the trial judge to reinstate the verdict and pass sentence upon the defendant in conformity with the verdict. But it is our opinion that this cannot be

done. The right of the state to appeal is unknown to the common law, and it is only by virtue of the statute that the right of the state to appeal exists at all. And we do not believe that our statute is broad enough to give the state the right to appeal from an order *per se* granting a new trial. And, had it not been for the manifest errors of law involved in the order in this case, this appeal would have had to be dismissed. But since the errors in holding the information defective, and that there was "a variance between the proof and the pleadings," were so fatal to the rights of the state, and would necessarily recur in a retrial of the case, we think our statute justifies us in settling these legal questions for the guidance of the court in the next trial. But several states have passed upon the right of the state to appeal from orders granting a new trial, and none that we have been able to find which have statutes similar to ours uphold or allow such appeals. In fact, we know of no state that does allow such appeals, except California, and it has a statute specifically providing for such appeals. The general trend of the decisions is to the effect that the granting of a new trial is largely a matter of sound judicial discretion, and usually involves questions of both law and fact; and, when such a discretion has been exercised in favor of the defendant, it is very much like the verdict of a jury in his favor, and the state should have no right to appeal from it, unless such right is unquestionably given. *People v. Beckwith,* 42 Hun (N. Y.) 366; *State v. Northrup,* 13 Mont. 522, 35 Pac. 228; *State v. Spencer,* 92 Ind. 115; *State v. Perry,* 4 Baxt. (Tenn.) 438; *State v. Padgett,* 82 N. C. 544. This holding is based not only upon long experience, but, as we believe, also upon sound reason.

There is therefore nothing left for this court to do but remand the case for a new trial in compliance with the order of the district judge, with directions that such trial be in conformity to the views herein expressed upon the legal question passed upon in this opinion.

It is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.