| 78 | 113 |
|----|-----|
| 81 | 157 |

</div>

[No. 12552. In Bank. — January 14, 1889.]

## J. B. DALE, RESPONDENT, v. R. B. PURVIS, APPELLANT.

STATUTE OF FRAUDS — SALE — DELIVERY AND CHANGE OF POSSESSION — APPEAL — REVIEW OF EVIDENCE.— The evidence in this case held to be sufficient to sustain the verdict of the jury upon the question of a sufficient delivery and continued possession of personal property sold to plaintiff, as against an execution creditor of plaintiff's vendor. (BEATTY, C. J., dissenting.)

APPEAL — REVIEW OF INSTRUCTIONS — SPECIFICATIONS OF ERROR. — In order to call upon the appellate court to review the action of the court below in respect of instructions, the appellant should point out in what respect the instruction objected to is erroneous, and not assail the instruction as a whole.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial.

The action was brought to recover six mules, which had been levied upon November 13, 1886, as the property of V. B. Dale, by his creditor, being at the time of levy upon his ranch. The plaintiff, J. B. Dale, who was the son of V. B. Dale, and who lived upon his father's ranch, claimed that two of the mules levied upon had been exchanged for two mules which were presented to him by his father when he became of age, in the winter of 1884–85, and that he bought the other four mules from

LXXVIII. CAL.—8

his father in August, 1886, for a consideration of $750. There was testimony to the effect that V. B. Dale exercised no control or acts of ownership over the mules in controversy after they were transferred to the plaintiff, but that plaintiff had fed, worked, and hired them to others as his own.   The further facts are stated in the opinion of the court.

*Hatton & Fulkerth,* for Appellant, cited the following cases as to what constitutes the change of possession required by section 3440 of the Civil Code: *Stephens* v. *Irwin,* 15 Cal. 503; *Hesthal* v. *Myles,* 53 Cal. 625; *Woods* v. *Bugbey,* 29 Cal. 479; *Stephens* v. *Halstead,* 58 Cal. 193; *Bell* v. *McClellan,* 67 Cal. 283; *Grum* v. *Barney,* 55 Cal. 254; *Engles* v. *Marshall,* 19 Cal. 320; *Gray* v. *Cory,* 48 Cal. 209; *Cook* v. *Rochford,* 12 Pittsb. Rep. 568; *Watson* v. *Rodgers,* 53 Cal. 401.

*Turner & Maddox,* for Respondent.

The question of change of possession was one of fact, which it was the peculiar and special province of the jury to decide.   ( *Williams* v. *Lerch,* 56 Cal. 334.)

WORKS, J.— This is an action to recover six mules. The defendant answered that he was the sheriff of Stanislaus County, and as such took and held the mules, first under attachment, and subsequently under an execution issued upon a judgment in favor of one Carmichael, and against V. B. Dale, father of plaintiff, and at the time they were so levied upon and taken by defendant said mules were the property of said V. B. Dale.

The controverted question in the case was, whether the sale to plaintiff, who claimed to have purchased said mules from his father, was " accompanied by an immediate delivery, and followed by an actual and continued change of possession."

The case was tried by a jury, who returned a verdict for the plaintiff.

The defendant appeals, and insists that the verdict is not sustained by the evidence as to the question of delivery and continued possession. We have examined the evidence, and find it sufficient to sustain the verdict of the jury. To set out or comment upon the evidence would extend this opinion to no purpose.

Appellant contends that certain of the instructions given by the court were erroneous. Counsel in their points and authorities object to the instructions in the language of their specifications of errors of law. "The court erred in giving respondent's instruction 4." The only commendable feature of such a mode of attack is its extreme brevity; and although brevity in the argument of counsel is pleasing to the court, we think, in the present instance, it has been a little overdone. We respectfully suggest to counsel that, in order to call upon us to review the action of the court below, they should point out in what respect the instruction attempted to be brought in question is erroneous. Such a requirement is absolutely necessary to the proper dispatch of the business of this court, and should in fairness to opposing counsel be insisted upon if the point is seriously urged. We have, however, examined the instructions and find no error in them. This failure on our part may further tend to convince counsel of the necessity of greater particularity in pointing out defects relied upon.

We see no error in the record, and feel satisfied that a correct result was reached.

Judgment and order denying a new trial affirmed.

SHARPSTEIN, J., PATERSON, J., THORNTON, J., and McFARLAND, J., concurred.

BEATTY, C. J., dissenting.— I dissent. In my opinion, all the evidence in the case shows without substantial conflict that the delivery to the plaintiff by his vendor

of the mules in controversy was merely formal, and that it was not followed by any actual change of possession. To all outward appearance, both vendor and vendee continued in precisely the same relation to the property after the sale as before. There was nothing in the *status* of the property after the sale to indicate a change of ownership.

In this case, as in most cases of sales of personal property which is in the possession and under the control of the vendor, the parties might easily have dealt with it after the sale in such a manner as to make the change of ownership manifest. Instead of doing so, they left it in precisely the situation in which it had been before. And the transaction, in my opinion, falls within the policy and the letter of the statute of frauds. (Civ. Code, sec. 3440.)