## STATE, RESPONDENT, *v.* FRY, APPELLANT.

CRIMINAL PRACTICE— *Motion for new trial—Motion book.* —A notice of intention to move for a new trial which is entered in the motion book, and which recites that the defendant will, as soon as the transcript of the evidence is made, move the court for a new trial upon the grounds to be set forth in the motion, is insufficient under sections 355 and 356 of the Criminal Practice Act, which requires the filing of a written notice within a specified time, and that the notice of motion must state particularly the error relied upon.

SAME — *New trial—Motion book.* —The provisions of section 483 of the Code of Civil Procedure, providing for the entry of notices of motions made during term time in a motion book, are inapplicable to any of the proceedings relating to new trials.

*Appeal from Third Judicial District, Deer Lodge County.*

Defendant's motion for a new trial was denied by DURFEE, J.

*John H. Duffy,* for Appellant.

*Henri J. Haskell*, Attorney-General, for Respondent.

BLAKE, C. J.—The appellant was convicted, September 19, 1890, of the crime of robbery, and judgment was pronounced October 19, 1890.

The following notice was made and entered September 19, 1890, in the motion book of the court below :—

"To W. S. Shaw, County Attorney : You will hereby take notice that the above-named defendant will, as soon as the transcript of the evidence in the above case is made, move the court for a new trial of the above cause, upon the grounds to be set forth in said motion.

"J. H. DUFFY, Att'y for Defendant.

"Dated Sept. 19, 1890.

"Service of above notice admitted and copy waived.

"W. S. SHAW, County Attorney.

"Sept. 19, 1890."

The appellant did not file an affidavit or make a statement of facts which called for a special order of the court, or apply for further time for the preparation of any papers. The record is silent upon this matter, and we can presume in the absence of anything to the contrary that "the transcript of the evidence" was furnished as soon as it was demanded. We cannot discover any good cause for the conduct of counsel in departing from the procedure which governs and defines the rights of parties, who have been convicted of an offense against the laws of the State. The motion for a new trial, which was served and filed October 1, 1890, specified every error that was relied on by the appellant. This motion was overruled by the court on the "ground that no notice had been served." No brief has been filed by the appellant.

The Criminal Practice Act provides as follows : "The application for a new trial shall be made upon motion, and, if based upon any of the grounds mentioned in the first four subdivisions of the preceding section, written notice of such motion must be filed within thirty days after the discovery of the facts upon which the party relies in support of his motion; in all other cases notice of motion must be filed within ten days after the rendition of the verdict." (§ 355.) "Applications for a

new trial, if made for any of the causes mentioned in the first four subdivisions of section 354 of this division, shall be based upon affidavits, which must be filed at the same time as the notice of motion, or within such further time as may be allowed by the court or judge; in all other cases the application must be made . . . . and the notice of motion must state particularly the error upon which the party making the application relies." (§ 356.)

There are seven subdivisions of said section 354 which state the grounds for which a new trial will be granted in criminal actions. It will be observed that the notice of the motion must be filed within a certain number of days, which varies according to the causes on which they are based. The Code of Civil Procedure relating to motions contains this clause: "Notice of a motion made in term time, except those made during the progress of a trial, shall be entered in a book to be kept for that purpose, and called the 'motion book'; and such motion shall be for hearing after twenty-four hours from the time such notice is entered in the motion book." (§ 483.) The Criminal Practice Act provides further: "An application for a new trial shall be heard on the second day after notice filed, or as soon as practicable thereafter." (§ 356.) The Code of Civil Procedure in another chapter regulates the mode of obtaining a new trial in civil cases, and requires the party intending to move therefor to file a notice of his intention in a certain form. (Tit. 8, ch. 10.) The motion book is not used for any purpose in the proceedings which are applicable to new trials, and the appellant did not protect his right to the remedy he desired by the record of his notice. The service of the same was admitted by the county attorney.

The statutes have designated the acts which are essential to the notice of the intention to move for a new trial. The court, in *Burton* v. *Todd*, 68 Cal. 485, has said: "We conclude, therefore, (1) That as the right to move for a new trial is statutory, it must be pursued in the manner pointed out by the statute." The appellant could not lawfully embody in his motion for a new trial the particulars which should be stated in his notice of intention. The appellant has not filed or served a proper notice of his intention to move for a new trial, and the judgment

is affirmed, and will be executed as directed in the court below.

HARWOOD, J., and DE WITT, J., concur.