[Argued Jan. 30, 1893; decided Feb. 6, 1893.]

## GEORGE HERBERT *v.* E. B. DUFUR.

[S. C. 32 Pac. Rep. 302.]

1. APPEAL — ASSIGNMENTS OF ERROR — CODE, § 537. — It is important that each specification of error be complete within itself so as to clearly present the question involved. Assignments that the court "erred in overruling all of defendant's objections to the evidence offered by plaintiff, and in not sustaining each and all of such objections," and that the court erred "in sustaining and in not overruling each and all of plaintiff's objections to the evidence," are too indefinite and general, under Hill's Code, § 537, requiring the notice of appeal to specify the grounds of error with reasonable certainty. *Thompson* v. *Ins. Co.* 21 Or. 466, approved.

2. TRIAL — NONSUIT. — A nonsuit should not be granted for insufficiency of evidence unless it appears that, admitting plaintiff's testimony to be true, and giving plaintiff the benefit of every inference fairly deducible therefrom, he has still failed to support his action, for it is sufficient if the evidence offered tends to show facts sufficient to sustain the action, even though remotely.

3. APPEAL — NONSUIT. — Objections that plaintiff's testimony is inconsistent and his conduct and testimony irreconcilable, and that a fair construction thereof will lead to the conclusion that defendant never made the promise alleged by plaintiff, and that plaintiff never so understood it, are addressed solely to the consideration of the jury, and are not to be considered on appeal in determining whether a nonsuit should have been granted.

### Wasco County: W. L. BRADSHAW, Judge.

This is an action brought by George Herbert, sheriff of Wasco County, against E. B. Dufur to recover money for services performed and moneys advanced and expended at the instance and request of the defendant in a certain proceeding pending in the circuit court between S. C. Burton and John Coldwell. The defendant denies the promise to pay for such services or moneys expended, and as a defense alleges that the services were not properly rendered, and that unnecessary expenses were incurred, etc. The new matter alleged is denied. The trial resulted in a verdict for the plaintiff, upon which judgment was rendered for the plaintiff, and from which the defendant appeals. Affirmed.

*E. B. Dufur in pro. per. (Frank Menafee* on the brief), for Appellant.

*J. L. Story*, and *Bela S. Huntington ( Mays & Wilson* on the brief), for Respondent.

LORD, C. J.— 1. In the notice of appeal there are several assignments of error, some of which are not reviewable in this court and require no further notice, while all the others, with possibly one exception, are met with the objection that they fail to specify with reasonable certainty the grounds of error upon which the defendant intends to rely upon the appeal. As indicating the character of such assignments of error, the following will furnish a sufficient illustration for the purposes of this case: "Upon the ground that the court erred in overruling all of defendant's objections to evidence on the trial offered by the plaintiff, and in not sustaining each and all of such objections." "Upon the ground that the court erred in sustaining each and all of plaintiff's objections to evidence upon the trial, and in not overruling each and all of such objections."

The statutory requirement that the notice of appeal shall specify the grounds of error with reasonable certainty, upon which the appellant intends to rely upon the appeal (section 537, Hill's Code), has been enforced in several cases in this court: *Thompson* v. *N. Y. L. Ins. Co.* 21 Or. 466 ( 28 Pac. Rep. 268); *Swift* v. *Mulkey*, 17 Or. 532 ( 21 Pac. Rep. 871); *N. P. Ter. Co.* v. *Loewenberg et al.* 11 Or. 287 ( 3 Pac. Rep. 683); *State* v. *McKinnon*, 8 Or. 490. Nor are our decisions under the statute peculiar or exacting in this regard. In other states, wherever a statute has provided for a specific assignment of error on appeal, it has been held necessary to comply with such requirement: *Dale* v. *Purvis*, 78 Cal. 113 ( 20 Pac. Rep. 296); *Blizzard* v. *Riley*, 83 Ind. 300; *Moffatt* v. *Fisher*, 47 Iowa, 474; *Derby* v. *Hannin*, 15 How. Pr. 32. "The statutory requirement, it is said, that the assignment of error shall be specific, has been enforced in a great

number of cases. The rule, even in the absence of a statutory provision requiring it, is that errors shall be specifically assigned": Elliott, App. Proc. § 308. In the common law sense, an assignment of errors was in the nature of a declaration or complaint: Tidd's Pr. 1168. It was considered as a pleading filed by the party complaining of the errors of the judge, and for that reason it was held that each assignment should be single and not multifarious: *Asso. Jersey Co.* v. *Davisson,* 29 N. J. L. 418. Owing to its analogy to a complaint or declaration, it has been thought that logically, upon principle, each specification in an assignment of errors, like each paragraph of a complaint, should be sufficient in itself: Elliott, App. Proc. § 309. The assignments of errors at common law, and the requirement under our statute to specify the grounds of such errors with reasonable certainty in the notice of appeal, upon which the appellant intends to rely, though differing in modes of procedure, are intended to serve the same purpose. In either case, the object is to notify the adverse party and to present to the appellate court for review the rulings of the trial court which the appellant deems erroneous. It is important, then, that each specification of error should be complete in itself and so framed as to clearly present the question of law upon which a decision is sought. In *Swift* v. *Mulkey, supra,* STRAHAN, J., said : ''The proper rule of practice is, that the appellant must put his finger upon the error complained of,'' otherwise, he said, ''counsel need never do more than to say in his assignments of error that the court erred in its rulings on particular subjects, without in any measure discriminating or pointing out the specific errors, and then ask this court to go on a voyage of discovery through record in search of a particular error upon which counsel may be supposed to have relied.'' And he further observed, that the court could not ''sanction such a practice; it is at variance with the requirements of our Code and with adjudged cases elsewhere.'' And in *Thompson* v. *N. Y. Life Ins.*

*Co.* 21 Or. 466 (28 Pac. Rep. 628), it was said: "Under our statute, it is not enough to state in an assignment of error that the court erred in doing so and so, or in failing to do so and so, but the appellant must point out or specify the ground upon which he intends to rely."

Tested by these principles, the assignments are too indefinite and general to notify the respondent, or apprise the court, of the error upon which the appellant intends to rely upon the appeal. They do not notify the respondent of, or specify to the court, the particular issues to be tried upon the appeal, so as to guide him in the preparation of his defense or aid the court in the examination of the record. All that we can learn from them is that in the progress of the trial several objections were made to evidence offered by the plaintiff, which, in each instance, the court overruled; and, also, that several objections were made to the evidence offered by the defendant, which the court sustained, each and all of which is assigned as error of the trial court. There is no attempt to specific any error, except generally, or the grounds of any error upon which the appellant intends to rely on the appeal. No clue to them is furnished us by the assignment, but we must grope our way through the record in search of them without chart or pilot. We cannot ignore the requirements of our statute as to such defects in the assignment of errors when objection is made to them, but we are bound to give them due consideration, and if ill-assigned, adjudge them to be so. Our statute is plain, and imposes no technical hardship. It requires that the notice of appeal shall specify the grounds of error with reasonable certainty upon which the appellant intends to rely, so that the appellant, as well as the appellate tribunal, may know the particular ruling which he deems erroneous. In such cases as require a specification of errors, the statute cannot be disregarded, but the errors sought to be reviewed must be pointed out and presented by the assignment. When this is done with reasonable certainty, the purpose of

the statute is served, and the parties and court enabled
to discharge their respective duties. Beyond this reason-
able requirement our decisions have not gone in the
enforcement of this provision of the statute. In fact,
the court has not been, nor does not wish to be, astute in
discovering defects in the assignment of errors, nor to
be technical or exacting in determining its sufficiency.
It is enough if there is a substantial compliance with the
statutory requirements. In view of these considerations,
the assignments of errors already alluded to in the case
at bar must be disregarded.

2. The next assignment of error is, that the court
erred "in not sustaining the defendant's motion for a
nonsuit." This motion was made on the ground "that
the plaintiff had failed to prove a case sufficient to be
submitted to the jury." In his brief, counsel says he
does not care to discuss any other matters than the court
is required to consider under such a motion. As, in his
view, this imposes the duty upon the court to examine
all the evidence submitted, (1) to ascertain how much
and what part of it is admissible, and (2) to then weigh
it and determine its sufficiency to authorize the verdict,
he can well afford to ignore the other errors assigned
and adjudged to be ill, and confine his discussion to the
limits indicated. It is laid down as a general rule by
which courts should be guided in determining whether a
nonsuit when applied for should be ordered, that if the
evidence would not authorize the jury to find a verdict
for the plaintiff, or if the court would set it aside if so
found as contrary to evidence, it is the duty of the court
to nonsuit the plaintiff: *Stuart* v. *Simpson*, 1 Wend. 376;
*Rudd* v. *Davis*, 3 Hill. 287; *Stevens* v. *O. & S. R. R. Co.* 18
N. Y. 422. Whenever a motion for nonsuit is made, every
intendment, and every fair and legitimate inference which
can arise from the evidence, must be made in favor of the
plaintiff: *Fairfax* v. *N. Y. etc. R. R. Co.* 40 Super. Ct. 128;
*Clemence* v. *City of Auburn*, 66 N. Y. 338. If there is a
fair conflict of evidence arising from contradictory testi-

mony, or if the inferences to be drawn from the testimony are conflicting, or if the witnesses are neither indifferent to the result nor consistent in their statements, so that there is a question as to the credit to be given to them, the case must go to the jury: *Wheaton* v. *Newcombe*, 48 N. Y. Super. Ct. 215; *Smith* v. *Coe*, 55 N. Y. 678.

In deciding a motion for nonsuit, the court should assume those facts as true which a jury could properly find under the evidence; and if in any view of the evidence, taken in its most favorable light, a verdict may be rendered for the plaintiff, or if there are questions of fact which may be determined for the plaintiff, and if determined in his favor will entitle him to recover, the case should not be taken from the jury by a nonsuit: *Clemence* v. *City of Auburn*, 66 N. Y. 338; *Carl* v. *Ayres*, 53 N. Y. 14; *Bickell* v. *Taylor*, 55 How. Pr. 126. But, as the court said in *Mateer* v. *Brown*, 1 Cal. 222, where the defendant moved for a nonsuit "on the ground that the plaintiff had not proven by competent testimony the 'loss of any property of definite value'"; "The question of the admissibility of the evidence is one with which, in determining the point now under consideration, we have nothing to do," but "assuming that the evidence was admissible for the purpose of affecting the defendant, was it of such weight that a jury might legally and properly infer from it that the plaintiff had 'lost any property of definite value?'" Before a court is authorized to grant a nonsuit for insufficiency of evidence, it must appear that, admitting the testimony of the plaintiff to be true, and giving him the benefit of every inference that is fairly deducible from it, the plaintiff has still failed to support his action. In fact, it is enough if the evidence offered tends to show facts sufficient to sustain the action, though remotely.

The simple question, then, which we have to determine here is, whether there is any testimony from which the jury can reasonably conclude that the facts sought to be proven are established. We shall refer to the facts quite

briefly, and merely to show the tendency of the evidence to sustain the allegations. In substance, the evidence for the plaintiff tends to prove that in the case of *Burton* v. *Coldwell*, that he had an agreement with the defendant in respect to the fees and expenses which would necessarily be incurred in the attachment proceedings in that case; the plaintiff was sheriff, and the defendant an attorney for Burton; that before any services were rendered, or expenses incurred, the defendant agreed to pay the fees and expenses of the proceedings; that before the attachment was made or any services performed, or expenses incurred, that the defendant said: "Go ahead, and I will pay you myself." And again, in another conversation, as disclosed by the bill of exceptions, he said: "Go ahead and serve the papers and attach everything in sight, and that he, the defendant, would pay him his fees and expenses, and that he, the plaintiff, rendered the services and incurred the expenses in the case for the defendant, and looked to him for the pay." This evidence receives some corroboration from the testimony of the witness Schultz. The testimony further tends to show, that in pursuance of this understanding and agreement, the plaintiff proceeded to attach a band of horses, through the direction of the defendant, etc.; when and what was done with them, etc.; that the defendant paid some of the bills, admitted his liability, and never made any objection to their reasonableness until a short time before the commencement of this action. It is not necessary to encumber the record with the statement of matters in detail.

3. Conceding his liability in the premises, the defendant claims and argues that the testimony of the plaintiff is inconsistent; that his conduct in the matter and his testimony as to the agreement are irreconcilable; and that a fair consideration of it would lead to the conclusion that the defendant never made the promise, nor that the plaintiff ever so understood it. But these matters are not for us; they are addressed solely to the consideration of the

jury. The inferences to be drawn from the evidence, or where it is conflicting, must be settled by the jury. The principle is, in case of a conflict in the evidence that the court will adopt the view of the contested facts as claimed by the plaintiff. The credibility of a witness and the weight to be attached to his testimony, are matters to be determined by the jury, and not the court. Applying these principles to the case at bar, we are unable to see that there was any error in refusing to grant the nonsuit. The judgment must be affirmed.