No. 1,108.

## MOCK v. THE CITY OF MUNCIE.

STREETS AND ALLEYS.—*Improvement.—Vicinity.—Assessment of Benefits.—Law and Facts.*—Whether land situated 3,200 feet or more from a proposed street improvement would be specially benefited by the improvement, and whether the land was in the vicinity of such improvement, are proper questions to be submitted to the jury; and the court can not say, as a matter of law, that the distance given is too remote for the land to be specially benefited or to be in the vicinity of the improvement.

SAME.—*Improvement.—Special Benefits.—Meaning of.*—In such case, the fact that other or all property on the street or its extension is equally benefited by such improvement, will not take the land in controversy out of the category of special benefits.

INSTRUCTIONS TO JURY.—*Conjunctive Assignment.—When Unavailable.*—Where the giving of several instructions is assigned collectively as error in a motion for a new trial, such assignment will be unavailable if any of such instructions is sufficient.

EVIDENCE.—*Objection to, When too Broad.*—If the objection to the admission of evidence is so broad as to include competent evidence, it is not error to overrule the objection.

From the Delaware Circuit Court.

*J. F. Duckwall, B. K. Elliott, W. F. Elliott* and *G. Silverburg,* for appellant.

*R. Warner* and *A. W. Brady,* for appellee.

REINHARD, J.—Proceedings were instituted before the common council of the city of Muncie to widen First street from a width of 45 feet to a width of 80 feet, so as to make it of uniform width with Kirby avenue, which is a continuation of First street and which is 80 feet wide. The appellant owns a body of 16 acres of land in said city, and a portion of this, fronting on Kirby avenue, was assessed $125, as being benefited by the proposed improvement. She appealed to the circuit court, where the assessment was affirmed, and from that judg-

ment she appealed to the Supreme Court, from which court the case was transferred to the docket of this court.

It is insisted by appellant's counsel, that the transcript of the original proceedings discloses affirmatively that the common council, and, consequently, the circuit court, had not jurisdiction over the subject-matter. This claim is based upon the assumption that the property assessed is situated at a point too remote from the proposed improvement, and that it can not be specially benefited thereby. The transcript, which, in such cases, is treated as the complaint, shows that First street was to be widened from Vine street to Chestnut street, where it terminates into Kirby avenue. This avenue continues in an eastwardly direction for a distance of 3,200 feet to Boyce avenue, and at this intersection the appellant's land is situated.

The proceedings were instituted under the statute in relation to opening and vacation of streets by city commissioners. R. S. 1894, section 3629, *et seq.*

The statute does not confine the estimate and assessments of benefits and damages to the proposed line of improvements, but expressly extends the same to all property in the "vicinity" or "vicinage" of such improvements, which is beneficially or injuriously affected thereby. R. S. 1894, sections 3633, 3635.

It is insisted by counsel for appellant, and practically conceded by appellee's counsel, that before an assessment can be properly placed upon the private property of the citizen of a municipality, on account of an improvement, such as the one here involved, it must be made to appear that some special benefits other than those enuring to the citizens in common, would accrue to the property to be assessed. This is doubtless the law. Elliott R. & S. 186, 369, 370.

We think, however, that whether the appellant's land,

situated 3,200 feet or more from the proposed improvement, would be specially benefited by the same, and whether the said land was in the vicinity of such improvement, were proper questions to be submitted to the jury, and we can not say, as a matter of law, that the distance given was too remote for the land to be specially benefited or to be in the vicinity.

In a recent Illinois case, a sewer assessment in the city of Chicago, upon property more than three-fourths of a mile from the sewer was affirmed under a statute somewhat similar to our own respecting the questions under discussion. The court said: "The special assessment for local improvement is to be levied upon the property benefited, * * * and unlike special taxation, which, by the statute, must be upon contiguous property, special assessment may extend to lands and lots specially benefited, whether abutting upon the improvement or not. Undoubtedly, as already stated, the fact that the property of plaintiffs in error was situated three-fourths of a mile from the proposed sewer was proper to go to the jury, as tending to establish whether the property would be benefited by the building of the sewer, as proposed; and which, as we have already seen, plaintiffs in error had the opportunity to present to the court and jury. But it can not be said, as a matter of law, that because property is three-fourths of a mile from a main sewer proposed to be constructed, no special benefit from its construction will accrue to the property. It may, in fact, be specially benefited or not, depending upon the particular circumstances shown." *Kelly* v. *City of Chicago*, 148 Ill. 90, 35 N. E. Rep. 752.

The particular question whether property three-fourths of a mile from the proposed improvement is in the "vicinity" or "vicinage" of such improvement does not seem to have been expressly decided in the case from

which we have quoted, but that question, it seems to us, is, to a large extent, if not wholly, involved and embraced in the holding that property thus situated may be specially benefited by the contemplated improvement. The Illinois statute provides, it should be noted, that the commissioners shall examine the *locality* where the improvement is to be made, and estimate and assess the benefits and damages to property; the word *vicinity* or *vicinage* not being used.   Rev. St. (Ill.), section 24; article 9, § 24.

But we need not rest our conclusion upon the case cited, although we think it sustains the appellee's contention that the questions of vicinity and special damages, in a case such as this, are for the jury.  Vicinity is a relative term.   Its meaning depends upon its application.   A person in Europe, or in New York, or San Francisco, in speaking of where the city of Muncie is located, for example, may well say, as we can conceive, that it is in the vicinity of Indianapolis, while, if the same person were in Indianapolis, when speaking of the location of Muncie, he would probably not place it in the vicinity of that city.   And so, a person, in speaking of improvements made in a street, at the Union Station, in Indianapolis, might properly designate the territory lying within a radius of three-fourths of a mile from such station as in the vicinity of such station, as compared with, or with reference to, the remainder of the city.

We know of no rule of law which authorizes a court, in construing the statute under consideration, to draw a line of demarcation less than three-fourths of a mile from the proposed improvements, and declare judicially that all territory without the same is not in the vicinity of the place to be improved, within the meaning of such statute.   We do not undertake to affirm that there may never be a case in which the court could declare as a

matter of law, from the facts pleaded, that the property claimed to be benefited is outside of the vicinity of the contemplated improvements, but we are clearly of the opinion that this is not such a case.    And  so  as  to  the question  of  special  benefits.    To widen and otherwise improve First street may make it a more desirable thoroughfare for driving, and the additional travel attracted to it from cross streets and avenues may cause a decided increase of such travel on Kirby avenue, and in front of appellant's premises, and while this feature may not always specially enhance the value of property, we are not prepared to decide that it may not do so, in any instance. Moreover, the improvement in the appearance of a street, arising from the equalizing of the entire  width  thereof, and the consequent adjustment and  adaptation of dwelling houses and  other  buildings  to  the  new width, may give additional and special value to property along the line of such  street, and its extension, depending, of  course, upon many circumstances and conditions not here disclosed by the record.

The fact that other or all property on the street or its extension is equally benefited by such improvement with the appellant's property, will not take the land in controversy out of the category of special benefits, for it may be true, indeed, that all property in the vicinity is specially  benefited  in  an  equal  degree, as  compared with other property not in the vicinity.    Property is specially benefited, within the meaning of the law, when the proposed improvements would "increase the value of the land, relieve it from a burden, or make it specially adapted to a purpose which enhances its value." *Lipes* v. *Hand,* 104 Ind. 503.

We are, therefore, not willing to say that the facts appearing in the transcript filed in the circuit court, as the appellee's complaint, are such as, upon their face,

deprived the commissioners of jurisdiction to make the assessment in controversy. We think the questions of vicinity and special benefits were for the jury, and there is, consequently, no reversible error under the first, second, and third assignments.

The fourth, and last, assignment is the alleged error of overruling the motion for a new trial. Under this head the correctness of several instructions given by the court is called in question.

It is insisted by appellee's counsel, that the alleged error in giving the several instructions is not separately assigned in the motion for a new trial, but that the instructions are assailed jointly and collectively; and that, hence, if any one of them is good, there is no available error.

The ninth cause in the motion for a new trial reads as follows: "Error of law occurring upon the trial of said cause in giving to the jury, by the court, of its own motion, the instructions numbered from 1 to 12, inclusive, and particularly instructions numbered 5, 6, 7 and 8, to the giving of each of which instructions the defendant, at the time, objected and excepted."

The rule is well established in this State, that where a series of instructions is assailed collectively, in the motion for a new trial, the assignment can be sustained only by showing that all the instructions in the series are bad. And so, if a group in the series is attacked collectively, all in the group must be bad, or the assignment will not prevail. *Ohio, etc., R. W. Co.* v. *McCartney,* 121 Ind. 385, and cases cited.

Under the most favorable construction for the appellant, the assignment above set out can only be held to attack the fifth, sixth, seventh, and eighth instructions collectively or jointly. If either of such instructions is sufficient, therefore, the assignment must fail. It is not

claimed on behalf of appellant, that the fourth instruction is wrong, and a mere glance at it will show its absolute correctness.

The error, if any, as to giving instructions, is not available.

It is also insisted that there is no evidence whatever to support the verdict. We think otherwise. There was testimony tending to show that the appellant's property would be specially benefited by the improvement proposed, and the facts were such that the jury might well conclude, also, that the appellant's property is in the "vicinity" of the improvement, in the sense manifestly contemplated by the statute.

Nor do we find any error in the ruling of the court in admitting in evidence the transcript of the proceedings of the common council of the city relating to the widening of First street. Undoubtedly, that portion of the transcript was incompetent which contained the report of the commissioners showing the amount of the assessment placed by them upon the property. But the objection was not confined to this or any other portion of such transcript, but was directed to the record as a whole. It is not, and can not be, disputed that that portion containing the ordinance of the city on which the assessment is based was proper and necessary. The objection was, therefore, too broad. Elliott's App. Proced., section 780.

We do not regard the objection that the assessment was laid only upon a portion of appellant's land, instead of the whole, as meritorious. We see no reason why the commissioners might not confine the assessment to such portion of the property as they consider specially benefited. Besides, as the appellee is the owner of the entire body, it is difficult to conceive how she could have been harmed by not extending the assessment to all, in-

stead of confining it to a portion of the land, as in either case she has but to pay the assessment to rid herself of the incumbrance, and a sale of a portion must be more benefjcial to her than a sale of the whole.

In conclusion, it may not be improper to state that if the questions of vicinity and special benefits were not given the prominence in the trial which the appellant believed their importance required, it was chiefly owing to the facts that the issues were not formed with that end in view, and that no special instructions were requested directing the jury's attention to this feature of the case. For this omission the appellant was as much to blame as the appellee.

Judgment affirmed.

LOTZ, J., took no part in the decision of this cause.

Filed April 17, 1894.