STATE, RESPONDENT, *v.* WHALEY, APPELLANT.

[Submitted September 17, 1895.   Decided September 30, 1895.]

APPEAL—*New trial—Notice—Specification of errors.*—Appeals are matters of statutory regulation, with which there must be a substantial compliance in order to confer jurisdiction, and therefore, a notice of intention to move for a new trial which fails to specify the particular errors relied upon as required by section 356, Third Division of the Compiled Statutes, is insufficient, and a written motion for new trial, specifying the errors relied upon, served and filed contemporaneously with the notice, cannot be construed as a notice of intention to move, so as to cure the defect.   (*State* v. *Fry*, 10 Mont. 407; *Courtright* v. *Perkins*, 2 Mont. 404; *Territory* v. *Hanna*, 5 Mont. 247; *State* v. *Gibbs*, 10 Mont. 210; *State* v. *Northrup*, 13 Mont. 534, cited.)

NEW TRIAL—*Notice—Stipulation.*—The absence of a proper notice of intention to move for a new trial is not cured by a stipulation to the effect that the bill of exceptions and papers considered by the court and used on motion for a new trial, be settled, allowed and considered as a bill of exceptions on appeal.

SAME—*Notice –Waiver.*—Failure of a notice of intention to move for a new trial to specify the particular errors relied upon is not waived by a motion to strike it out upon other grounds.   (*Gregg* v. *Garrett*, 13 Mont. 13, cited.)

SAME—*Order denying—Review on appeal.*—While an order denying a new trial is an intermediate order or decision within section 394, Third Division of the Compiled Statutes, so as to entitle it to be reviewed on an appeal from the judgment, the errors enumerated in section 354, Id., as grounds for a new trial must be first called to the attention of the district court on motion for new trial in order that the trial court may have an opportunity to correct its own errors.

SAME—*Review on appeal—Change of venue—Challenge to jurors.*—Under section 354, Third Division of the Compiled Statutes, providing that a new trial may be granted when there has been any abuse of discretion, alleged errors in denying a change of venue and in overruling challenges to jurors will not be reviewed by the appellate court without a motion for a new trial having been made.

*Appeal from Fourth Judicial District, Ravalli County.*

CONVICTION for grand larceny.   The cause was tried before WOODY, J.   Affirmed.

*Marshall & Corbett, Webster & Wood* and *Toole & Wallace,* for Appellant.

*Henri J. Haskell,* Attorney General, for the State, Respondent.

DE WITT, J.—This is an appeal from a judgment convicting the defendant of the crime of grand larceny.   A notice of motion for new trial was served February 10, 1894, and filed February 12, 1894.   Another notice of intention to move for new trial was served June 1, 1894, and filed on the same day.

Neither of these notices of intention stated particularly the errors upon which the party making the application relied. (Criminal Practice Act, 1887, § 356; *State* v. *Black*, 15 Mont. 143; *State* v. *Fry*, 10 Mont. 407.) It is conceded by the appellant's counsel that these notices do not contain such particular specification. Contemporaneously with filing the second notice of intention to move for a new trial, the defendant served and filed a written motion for new trial.

While it is conceded by counsel that the notices of motion are insufficient in not specifying the particulars, they contend with great earnestness that the motion for new trial should be construed to be a notice of intention to move. But it is perfectly apparent to us, from the record, that this motion was not intended to be a notice of motion, for the sufficient reason that a notice of motion was filed at the same time that the motion was. It certainly never was the intention of counsel to consider their motion as a notice, when in fact they filed an independent notice upon the very same day. We cannot distinguish this case from that of *State* v. *Fry*, *supra*. In the last-named case the defendant gave a notice of intention, without specifying the particular errors, but stating that the motion was to be made upon the grounds to be set forth in the motion. Afterwards the defendant served and filed his motion for new trial, which specified every error that was relied upon by him. The motion was denied by the district court on the ground that no notice had been served. (Page 408 of the opinion.) After citing the statute (§§ 355, 356, Criminal Practice Act), the supreme court, in the Fry case, said: "The statutes have designated the acts which are essential to the notice of the intention to move for a new trial. The court in *Burton* v. *Todd*, 68 Cal. 485, has said: 'We conclude, therefore, (1) that, as the right to move for a new trial is statutory, it must be pursued in the manner pointed out by the statute.' The appellant could not lawfully embody in his motion for a new trial the particulars which should be stated in his notice of intention. The appellant has not filed or served a proper notice of his intention to move for a new trial, and the judg-

ment is affirmed, and will be executed as directed in the court below." It has often been said in other decisions in this court that appeals are matters of statutory regulation, and that there must be a substantial compliance with the statute in order to confer jurisdiction upon this court. (*Courtright* v. *Berkins*, 2 Mont. 404; *Territory* v. *Hanna*, 5 Mont. 247; *State v. Gibbs*, 10 Mont. 210; *State* v. *Northrup*, 13 Mont. 534.)

While the facts in the case of *State* v. *Black* are not wholly the same as in the case at bar, and while *State* v. *Fry*, above cited, is more direct authority on the matter now before us, still the following remarks from the Black case are of general application. In that case we said: "We can see only two courses for this court to pursue in this case,—either to follow the statute, and disregard the defendant's objection, now made in his argument for the first time, that the instruction as to *alibi* was error, or to disregard the statute, and establish a rule of practice in contravention thereto. But, as quoted from a decision in the learned brief of defend ant's counsel, '*Judex est custos non conditor juris, judicia exer cere potuit, facere leges non potest.*' And in the case at bar the law is as we have quoted it from the statute; and if we are the custodians, and not the framers, of the law, there is no course before us but to follow the mandate of the statute, and to hold that the alleged objectionable instruction is not now a subject for review." We cannot do otherwise than follow the authority of the Fry case, and hold that the foundation for a motion for a new trial was not laid, owing to the fact that a proper notice of intention was not served and filed.

It is contended that there is a stipulation made between counsel which cures the absence of a proper notice of intention. We are of opinion that the stipulation does not aid the appellant, for the reason that it is simply to the effect that the bill of exceptions and papers considered by the court and used on motion for new trial, be settled, allowed, and considered as a bill of exceptions on appeal. Whatever effect this stipulation may have, it cannot be greater than to simply present to

this court what the district court acted upon, and cannot in any way be considered as a waiver of the absence of a notice of intention to move.

Again, it is contended that the state's attorney waived the notice of intention to move, as to some parts of the same, for the reason that he appeared and moved to strike out the notice and motion on certain grounds. It is contended by appellant that the motion to strike out was directed at the notice of intention only as to the first four subdivisions of section 354, Criminal Practice Act, 1887, and was not directed at the three last grounds mentioned in said section. We are of opinion that this action by the state's attorney was not a waiver of the absence of a sufficient notice.

As said in *Gregg* v. *Garrett,* 13 Mont. 13: "The defect taken advantage of is apparent in the notice itself, and requires no other matter inserted in the record to show this fact. This irregularity in presenting the motion, without stipulation or other action amounting to a waiver of proper notice, may have been the very ground upon which the trial court denied the motion. (*White* v. *Superior Court,* 72 Cal. 475, 14 Pac. 87; Hayne, New Trial & App. §§ 14, 145.) And we think, in the absence of anything in the record showing a waiver, the objection by respondent should be sustained."

It has been held, on settlement of statements on motion for new trial or bills of exceptions, that when a party comes in, and by amendment or otherwise assists in making up the record, that he thereby waives certain defects, unless he objects to the same, and makes his objection part of the record. (*Sweeney* v. *Great Falls & C. R. Co.,* 11 Mont. 34.) But in the matter before us, as above noted, the defect in the notice is perfectly apparent on the face of it. The notice of intention informed neither the counsel nor the court of the particular errors relied upon.

Counsel further contends that, if this court concludes that it will not examine the motion for new trial, still there were errors upon the trial which may be reviewed at this time without any motion for new trial made. He cites us to sections

394 and 404 of the Criminal Practice Act of 1887, which are as follows:

"Sec. 394. An appeal to the supreme court may be taken by the defendant, as a matter of right, from any judgment against him, and, upon appeal, any decision of the court, or intermediate order, made in the progress of the case, may be reviewed."

"Sec. 404. The appellate court may reverse, affirm or modify the judgment appealed from, and may, if necessary, or proper, order a new trial. In either case the cause must be remanded to the court below, with proper instructions and the opinion of the court, within the time, and in the manner, to be prescribed by rule of court."

It is true that, on appeal from the judgment, the supreme court, in reviewing an intermediate order or decision, has always held that an order denying a new trial was such an order, and the same was reviewed on appeal from the judgment. But we are of opinion that it is the intention of the Criminal Practice Act (1887) that the errors enumerated in section 354 shall be called to the attention of the district court on motion for new trial, and that that court shall thereby first have an opportunity to correct its own errors.

Appellant's counsel now claim that we should review the alleged error of the district court in denying the motion for change of venue, and the alleged error in overruling challenges to jurors. But these are matters which we think the district court should review on motion for new trial. It has long, if not always, been the practice in this state and territory that such errors were so reviewed first by the district court, and that they were then brought to the supreme court on appeal from the judgment, and thereby was had a review of the order denying the new trial.

The sixth subdivision of section 354 provides that a new trial may be granted "when the court has either admitted illegal, or excluded legal, evidence; or there has been any abuse of discretion by which the party was prevented from having a fair trial." A party is prevented from having a fair trial if

the district court abuses its discretion in denying him a change of venue on the ground of the existence of undue influence of the prosecutors, or prejudice of the inhabitants of the county against the defendants.

These questions which the district court passed upon in denying the motion for change of venue were purely questions of fact. The court passed upon these questions as they were raised by affidavits. Its decision was a matter of discretion. If it were abused, it could be reviewed on motion for new trial.

We are of opinion that the same principle obtains in reviewing the action of the court in overruling challenges to jurors in this case. The challenges were interposed on the ground of the jurors having formed and expressed opinions upon the guilt or innocence of the defendant. These were questions of fact, to be determined by the district court upon examination. The court was the trior of this question of fact. (Criminal Practice Act 1887, § 288.) If the court erred in determining these questions of fact, it was an abuse of discretion, which could be reviewed on a motion for a new trial, under subdivision 6 of section 354.

As this record is before us, we are constrained to affirm the judgment. It is one of the cases which is affirmed with reluctance, for the reason that we are of opinion that there were errors upon the trial of the case which prevented the defendant from having a fair trial, and which should have been properly presented to us for review. We dislike to animadvert upon the preparation of appeals by counsel, but the fact is that this record, and the method of proceeding to bring this case before this court, is subject to the gravest criticism. If errors occur in the trial of a criminal case, involving the liberty of a citizen, as long as the statute gives him the right of appeal by conforming to its provisions it is a great misfortune that such a defendant should be deprived of a hearing by reason of neglect to properly present his case. These are matters, however, which we can regret, but not remedy. The defendant's only recourse now is to another department of the

government, to which department we commend a consideration of the case.

The appeal must be dismissed which is an affirmance of the judgment, (*State* v. *Biesman*, 12 Mont. 11), and the same is accordingly affirmed.

*Affirmed.*

Pemberton, C. J., and Hunt, J., concur.

[Submitted September 17, 1895.   Decided September 30, 1895.]