STATE, RESPONDENT, *v.* MASON, APPELLANT.

[Submitted June 4, 1896.   Decided June 15, 1896.]

NEW TRIAL—*Instructions—Specification of error.*—A specification of error, which states
that the court misdirected the jury in a material matter of law, by giving to the jury
certain instructions, described by number, because said instructions did not state the
law correctly and were not applicable to the case, is too general to permit the review
of the instructions on appeal. (*Woods* v. *Berry*, 7 Mont. 195, cited.)

SAME—*Notice of motion—Amendment.*—An amended notice of motion for a new trial,
filed after the time for serving the notice of intention has expired, is too late to cure
a defect in the original notice.

SAME—*Amended notice—New specification of error.*—Where an original notice of motion
for a new trial specifies no error in a particular instruction the notice cannot be
amended so as to specify error in such instruction, for this would not be the amend-
ment of anything contained in the original notice but the introduction of a wholly
new specification. (*Gillespie* v. *Dion, ante,* page 183; *Barbour* v. *Briscoe,* 8 Mont.
214, cited.)

*Appeal from Fourth Judicial District, Missoula County.*

CONVICTION for assault with intent to commit murder.   De-
fendant was tried before WOODY, J.   Affirmed.

*Toole & Wallace,* for Appellant.

*Henri J. Haskell,* Attorney General, and *Ella Knowles
Haskell,* for the state, Respondent.

DE WITT, J.—The defendant appeals from judgment of
conviction of the crime of assault with intent to commit mur-
der.   Under that appeal he reviews the order denying a new
trial.   The notice of intention to move for a new trial makes
the following specification of error, which is now relied upon
under section 356, Criminal Practice Act, 1887:   "That the
court misdirected the jury in a material matter of law, by
giving to the jury instructions numbered 19, 21, 24, 26, 31
and 34, because said instructions did not state the law cor-
rectly, and were not applicable to the case at bar."

The state contends that this specification is insufficient, and
cites *State v. Fry,* 10 Mont. 407; *State v. Northrup,* 13 Mont.
534; *State v. Black,* 15 Mont. 143; *State v. Whaley,* 16
Mont. 574.   The appellant does not contend that all, but that

only some, of the instructions named in the specification are incorrect in law. The specification sets forth that all of the instructions are erroneous, and not that each one is. Under the decisions heretofore made in this court, we are of opinion that this specification is insufficient. The specification here is not made as were the exceptions in *McKinstry v. Clark*, 4 Mont. 370, where the objection was directed at each instruction. (Hayne, on New Trial and Appeal, § 128, p. 363.)

In *Woods v. Berry*, 7 Mont. 195, this question is fully treated, and all of the former decisions in this court are reviewed. In that case the court, by Mr. Justice Bach, said: "We will now consider the first question: 'In what manner must an exception be taken to an instruction?' and in connection therewith the cases of *Griswold v. Boley*, 1 Mont. 545, and *Gum v. Murray*, 6 Mont. 10. The manner of taking the exception in those cases is almost identical with that in the case at bar, and the difference between the manner of taking the exception in those cases, and that used in *McKinstry v. Clark*, is manifest. In the former cases, including the case at bar, there was one, and only one, exception to several instructions in gross, while in *McKinstry v. Clark* there was a separate exception, taken separately, to each separate instruction objected to. The first form or manner of taking an exception was declared to be of no avail, by the case of *Griswold* v. *Boley* and *Gum v. Murray*."

As in *Woods v. Berry*, so in this case, the specification is to several instructions in gross, which method was there condemned; affirming *Griswold v. Boley*, 1 Mont. 545, and *Gum v. Murray*, 6 Mont. 10.

In *Woods v. Berry* the subject under consideration was an exception to instructions, and was decided at the time when, under the statute, counsel was required to take their exceptions upon the trial, and before the enactment of the statute which declares that the instructions are deemed to be excepted to. Laws 1887, (15th Extra Session, p. 67.)

But in principle there does not seem to be a distinction between exceptions to instructions, and specifications, on motion

for a new trial; and it was so held in *Griswold v. Boley*, 1 Mont. 545, in which the court said: "One other specification is as follows: 'The court erred in instructing the jury for the plaintiff as they were instructed by the court at the time.' This specification is of, like character as the one already considered, and, for like reason, cannot claim the attention of the court. And for another reason; the instructions given on behalf of the plaintiff were not excepted to at the time, and, for all that appears in the record, the instructions went to the jury without objection. We can take no notice of exceptions not taken at the proper time and duly saved; and if this exception has been taken at the time the instructions were given, and this fact had duly appeared in the record, the exception is of such a general character that it does not meet the requirements of the code, which provides that the statement shall specify the *particular* errors upon which the party will rely." (See, also, *Gum v. Murray*, 6 Mont. 10, and numerous cases cited at the close of the opinion in *Woods v. Berry*; also, *Dale v. Purvis*, 78 Cal. 113, 20 Pac. 296; *Mock v. City of Muncie*, 9 Ind. App. 536, 37 N. E. 281; *Railway Co. v. McCartney*, 121 Ind. 385, 23 N. E. 258; *Wicke v. Insurance Co.* 90 Iowa, 4, 57 N. W. 632; *Hiatt v. Kinkaid,* 40 Neb. 178, 58 N. W. 700.)

We are of opinion that this specification is, under our own decisions, too general, and must be disregarded.

If this rule as to specifications is not a wise or prudent one, it has now been too long imbedded in the decisions of this court to be changed by judicial construction. The defendant in a criminal case is entitled to a trial under the constitution, but he is entitled to apply for a new trial, and to present his appeal, only by conforming to the statutes. This doctrine has been held for 20 years in this court. (*Courtright v. Berkins*, 2 Mont. 404; *Territory v. Hanna*, 5 Mont. 246, *State v. Gibbs,* 10 Mont. 210, *State v. Northrup*, 13 Mont. 534, *State v. Black*, 15 Mont. 143, *State v. Whaley*, 16 Mont. 574, *State v. Pilgrim*, 17 Mont. 311.)

After the time for serving notice of intention to move for a

new trial had expired, the defendant, by leave of the court, filed an amended notice of motion for a new trial. As a notice of motion for a new trial this was too late, and in this respect did not conform to the requirements of the statute, and was unavailing. As said by this court in *Territory* v. *Hanna*, 5 Mont. 247: "Appeals are matters of statutory regulation. There must be a substantial compliance with the statute, in order to confer jurisdiction upon the appellate court. The appellant is charged with the duty of perfecting his appeal in the manner provided by law, and error in this regard effects the jurisdiction of the appellate court." This doctrine has been affirmed by later cases above cited.

The next question is whether this amended notice is good as an amendment. But it does not amend any specification which was contained in the former notice. It does make a specification which seems to be good; for it states that the court erred in refusing to give an instruction as requested by counsel for defendant, which instruction so refused was the same as the instruction given, and numbered 30, except that the words "beyond a reasonable doubt" were contained in the offered instruction, but were stricken out of that as given. But the original notice of intention to move for a new trial did not pretend to specify any error as to instruction 30, or any error whatever as to refusing any instruction. The amended notice did not amend anything whatever that was contained in the original one. It introduced a wholly new specification. If it had been an amendment to anything contained in the original notice, or if it had specified properly and clearly anything that was insufficiently specified in the first, we would have before us another question; but, as the matter stands, it appears to us that the amendment seeks to make a specification entirely new, and which is unsupported by anything in the original notice. In *Gillespie* v. *Dion*, 18 Mont., 183, we held that the statement of contest in an election case was so defective as to be incapable of amendment after the time for giving such notice had expired. In that case we said:

"Under a statute that requires a specific statement to be

filed, an elector ought scarcely to be allowed to file a general objection without specific grounds of contest within ten days after the election result is.declared, and thereafter to file his specifications based upon grounds perchance discovered after the lapse of ten days after the contest was instituted. In *Heyfron* v. *Mahoney*, 9 Mont. 497, cited by plaintiff [contestant], the transcript shows very full and explicit statements in relation to the various precincts where it was alleged by contestant that illegal votes were cast: The names of the alleged illegal voters were given at great length, and the exact canvass was set forth in detail. Upon the trial, Heyfron was allowed to amend by correcting certain voting lists by altering the spelling of the names of certain persons, and by adding the names of other persons to such lists, which did not affect the judgment in the case, upon the principle that immaterial defects in pleadings in election cases should be disregarded, that the ends of justice might be promoted. But that was a statement very different from the paper called a 'statement' in this case. Here the contestant is making a good statement out of nothing. But for lack of jurisdiction, heretofore discussed, the judgment is reversed and the proceeding dismissed." See, also, *Barber* v. *Briscoe*, 8 Mont. 214.

So, in the case at bar, it appears to us that the amended notice undertakes to make what is claimed to be a good specification out of nothing. We are, therefore, of opinion that it cannot be considered.

The specifications being thus disposed of, there is nothing further in the case to consider, and the judgment is therefore affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.