BLUE CREEK LAND AND LIVE STOCK COMPANY, a Corporation, Appellant, v. ANNIE ANDERSON et al., Respondents.

No. 1931. Decided January 12, 1909 (99 Pac. 444).

1. NEW TRIAL—NOTICE OF MOTION—AMENDMENT. A notice of motion for a new trial cannot be amended after the expiration of the time allowed by statute by adding a ground not germane to anything contained in the original notice. (Page 63.)

2. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY. Under Supreme Court Rule 26 (97 Pac. x), providing that the particulars wherein the evidence is claimed to be insufficient shall be specified, an assignment of error that the court erred in denying a motion for a new trial, the grounds alleged in which were "insufficiency of the evidence" and "errors of law occurring at the trial," is insufficient to raise the question of the sufficiency of the evidence. (Page 64.)

3. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—ABANDONMENT. An assignment of error not discussed in appellant's brief must be treated as abandoned. (Page 67.)

APPEAL from District Court, First District. *Hon. W. W. Maughan,* Judge.

Action in trespass by the Blue Creek Land & Live Stock Company against Annie Anderson and others. From a judgment for defendants, plaintiff appeals.

AFFIRMED.

*Messrs. Thomas, Richards & Porter* for appellant.

*J. C. Walters* for respondents.

STRAUP, C. J.

This is an action in trespass. The plaintiff alleged in its complaint that it was the owner and entitled to the posses-

sion of the east half of section 32 and the southwest quarter of section 33, in township 15 north, range 5 west, Salt Lake meridian, and that the defendants, without right, claimed an interest in a strip of said lands 470 feet wide along the southern portion thereof, and had wrongfully entered and had trespassed upon it to plaintiff's damage. The defendants denied plaintiff's ownership and right of possession to all the lands described in the complaint, and that they had entered or had trespassed on any part thereof. They alleged that they were the owners and entitled to the possession of parcels of land in sections 4 and 5 in township 14 north, range 5 west, Salt Lake meridian, and lying immediately south of the lands described in plaintiff's complaint; that plaintiff's cause of action was barred by the statute of limitations, and pleaded an estoppel resulting from possession and the making of valuable improvements. The case was tried to the court and a jury. A verdict was rendered in favor of the defendants, upon which a judgment was entered on the 14th day of March, 1907.

The court gave plaintiff thirty days' additional time, or to and including the 18th day of April, within which to file a notice of intention to move for a new trial. Within such time, and on the 30th day of March, the plaintiff served and filed such a notice on the grounds of (1) insufficiency of evidence to justify the verdict and that the verdict is against law; and (2) error in law occurring at the trial and excepted to by the plaintiff. On the 11th day of May, nearly a month after the time had expired in which to serve and file a notice of intention to move for a new trial, the plaintiff made application to amend the notice by adding a new ground, that of newly discovered evidence, supported by affidavit showing the discovery and materiality of the evidence. The court on the defendant's objection refused the amendment. The motion was submitted on the original notice as served and filed, and was on a subsequent day overruled. The ruling refusing the amendment is expressly assigned as error.

The question is: Can a notice of motion for a new trial be amended by adding thereto a new and independent ground therefor after the expiration of the time allowed by the statute or enlarged by the court in which to serve and file such a notice of motion? The authorities are to the effect that the court in such case is without authority to permit such an amendment. (*Dutton v. Seevers,* 89 Iowa 302, 56 N. W. 398; *Aultman, Miller & Co. v. Leahey,* 24 Neb. 286, 38 N. W. 740; *Perry v. Eaves,* 4 Kan. App. 26, 45 Pac. 718; *State v. Mason,* 18 Mont. 362, 45 Pac. 557; *Culp v. Steere,* 47 Kan. 746, 28 Pac. 987; *Packer v. Doray,* 98 Cal. 315, 33 Pac. 118.) The original notice as filed was on the grounds of insufficiency of evidence to justify the verdict and errors in law occurring at the trial. The proposed amendment, newly discovered evidence, was not germane to anything contained in the original notice, but added a new and independent ground for the motion, and was, in effect, an offer to file a new notice. If the amended notice had been an amendment of anything contained in the original notice, or had properly specified something that was insufficiently specified in the original notice, we would have before us another question. We think no error was committed in the ruling.

The only other point discussed by appellant is the insufficiency of evidence to justify the verdict, or that the verdict is contrary to and against the evidence. At the outset counsel for respondent has challenged our authority to review such a question because the matter was not sufficiently assigned as error to entitle us to review it. The only assignment touching upon the matter is the general assignment that "the court erred in denying plaintiff's motion for a new trial." It is argued that since the motion for a new trial was based on the ground, among other grounds, of insufficiency of evidence to justify the verdict, the general assignment that the court erred in overruling the motion is sufficient to properly bring before us for review the question of insufficiency of evidence, as well as all other matters stated

in the notice as grounds for a new trial. If the argument is sound, it leads to the conclusion that, if a motion for a new trial is made on all the seven grounds enumerated in the statute—(1) irregularity in the proceedings, etc.; (2) misconduct of the jury; (3) accident or surprise; (4) newly discovered evidence; (5) excessive damages; (6) insufficiency of evidence to sustain or justify the verdict or decision; (7) error in law occurring at the trial—a general assignment that the court erred in overruling the motion would bring before us for review, not only all portions of the charge to which exceptions had been taken, the refused requests, the rulings made in admitting and excluding evidence, and all other rulings made during the trial, but also all matters and things pertaining to the six other grounds stated in the motion for a new trial. To what specific matter or thing would such a general assignment point? How could it be said that such a general assignment would apprise the appellate court of the specific questions presented for its consideration, and would fairly inform the opposite party of the points intended to be relied upon as a guide in the preparation of his brief, or that discussion and consideration could be limited to any specific point? (*Smith Table Co. v. Madsen,* 30 Utah 297, 84 Pac. 885.) Rule 26 (97 Pac. x) of this court provides:

"Each alleged error shall be separately stated. When the alleged error is upon the ground of the insufficiency of the evidence to sustain or justify the verdict or decision, the particulars wherein the evidence is so insufficient shall be specified."

This rule is a substantial copy of the rule of the Supreme Court of Colorado, and is similar to the rules of courts in many other jurisdictions. We regard the rule a wholesome one. One may, of course, assign as error the overruling of a motion for a new trial. In doing so it is no hardship to require the grounds to be stated upon which it is claimed the court erred in overruling the motion and to assign such matter as error; and, if it is on the ground of insufficiency of evidence to sustain or justify the verdict

or decision, to state the particulars wherein it is claimed the evidence is insufficient. The purpose of such specification is obvious. It is necessary in the preparation of the abstract to enable the adverse party to suggest intelligently such amendments as he may deem important to the just determination of the case, to enable him to properly prepare his brief, and to fairly apprise him and the court of the point or points on which the appellant will rely in respect of the insufficiency of evidence. If such specification be not made, and if the evidence is voluminous and the questions at issue perplexing, the respondent is placed at a disadvantage in the preparation of his brief and on the argument of the case for want of opportunity for previous preparation in collating the evidence and showing its force and effect as applied to the questions in issue.

It may, however, be said that by reading the record it may be seen that the defendants' affirmative defenses of estoppel and bar of the statute were wholly unsupported by evidence and substantially abandoned, that the evidence without conflict established plaintiff's ownership and right of possession to the quarter and half sections of land described in the complaint, and that the real dispute arose over a strip of land 470 feet wide, and that the controversy involved the boundary line of townships 14 and 15, and especially the location of the northwest corner of township 14, which is also the southwest corner of township 15 as originally surveyed and established by the United States government survey; the plaintiff in that regard claiming the corner so established to be 470 feet south of the place claimed by the defendants. But the specification of the grounds of insufficiency is the essential element to properly apprise us and the adverse party of the points intended to be relied on in such respect. The evidence is the mere incident. To permit a verdict or decision on appeal to be assailed on a mere general assignment of insufficiency of evidence without a specification of particulars is tantamount to allow an ap-

pellant to assert that he is not prepared to say on what point
or points the verdict or decision is not sustained or justified
by the evidence and to present a voluminous record and
cast the burden on the court to examine it with respect to
all the issues, and determine whether there is a finding on
any one unsustained by or contrary to the evidence. In
the case in hand from an inspection of the pleadings and the
assignment of error, it necessitates the reading of the whole
record, consisting of a transcript of over four hundred pages
of typewriting and two hundred and fifty printed pages of
abstract, to ascertain, first, the particular point or points on
which it may be claimed that the evidence is insufficient;
and, second, whether the claim is well founded. On first
reading the record one member of the court might read
it with the object in view to ascertain whether the evi-
dence without a substantial conflict shows title in the plain-
tiff to the land described in its complaint; another whether
there was sufficient evidence to justify the verdict on the
ground of the bar of the statute or on the pleaded estoppel;
and still another as to whether the acts of trespass alleged
in the complaint were or were not committed by the de-
fendants. Neither member might upon first reading read
the record with the object in view that the real question in-
volved a disputed boundary line, and that the particular
question desired to be presented is on the claim made that
all the evidence without a substantial conflict shows it to be
where claimed by the plaintiff, and that there is no sub-
stantial evidence to show it to be where claimed by the
defendants, and for that reason the verdict as found by the
jury in favor of the defendants unjustified. If such were
the only ground or point upon which it is claimed the
verdict is not justified, a specification of such particulars
could easily have been made in a very few words. No
particular form of specification was necessary. All that the
appellant was required to do was to sufficiently point out
to the adverse party and to the court the particular ground
upon which he relied and concerning which he claimed the

evidence did not justify the verdict. The record could then be read intelligently and with some object in view. No sufficient assignment of error in this regard having been made, we are not justified to enter upon a review of the question of insufficiency of the evidence.

Numerous errors have been assigned relating to portions of the charge to the jury. But exceptions were taken to only one portion or paragraph, and the alleged error with respect thereto not having been discussed in the brief and not pointed out, must be treated as abandoned. Likewise numerous errors have been assigned relating to the court's refusal to charge as requested by plaintiff. While exceptions were taken to the refusal to give four certain requests, still the alleged error with respect to them has also not been discussed nor pointed out. Likewise numerous errors have been assigned relating to rulings of the court in permitting certain witnesses to make answers to certain questions, but none of these have been discussed, and they also must be treated as abandoned.

No error sufficiently having been made to appear of record, the judgment of the court below must be affirmed, with costs. It is so ordered.

FRICK and McCARTY, JJ., concur.